### 34637. SPRADLIN v. THE STATE.

CARLISLE, J. Ambrose and Frank Spradlin were jointly indicted for the murder of their brother-in-law, John Brazeal. The State elected to sever, and Frank Spradlin was put on trial. Upon the trial a jury returned a verdict of guilty of manslaughter and fixed the penalty at from five to seven years in the penitentiary. The defendant's motion for new trial, based on the usual general grounds and nine special grounds, was denied and he has appealed.

1. Special ground 3 of the motion for new trial is that the trial court erred in admitting in evidence certain conversations between the deceased and a third person, and such third person's testimony that on two or three occasions in February and March, prior to the homicide on May 12, the deceased had come to such third person's place of business and had had him to telephone the sheriff of the county to report the operation of a distillery on the defendant's property. While evidence tending to show the existence of the accused's *malus animus*

toward the deceased, or a motive for the commission of the crime charged, is admissible in a prosecution for homicide (*Hunter* v. *State*, 188 *Ga.* 215, 3 S. E. 2d 729; *Sligh* v. *State*, 171 *Ga.* 92, 154 S. E. 799; · *Wall* v. *State*, 153 *Ga.* 309, 112 S. E. 142; *Jacobson* v. *State*, 68 *Ga.* *App.* 1, 21 S. E. 2d 863; *Reid* v. *State*, 39 *Ga.* *App.* 21, 145 S. E. 904),.it is essential that the facts on which the motive is assigned shall be within the knowledge of the person accused. *Sasser* v. *State*, 129 *Ga.* 541 (4), 547 (59' S. E. 255); *Horton* v. *State*, 110 *Ga.* 739 (1) (35 S. E. 659). It nowhere appears in the evidence.that the accused was ever informed of the deceased's actions of reporting the distillery, as testified by such third person, and this being so, these actions of the deceased could not have created the motive for the action of the accused in killing him, were inadmissible, and may have tended to prejudice the jury against him. For this reason, if no other, the case must be sent back for a new trial.

2. The other errors assigned are of a nature not likely to recur on the new trial and are not considered at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 15, 1953.

*A. B. Taylor, Wyatt, Morgan & Sumner,* for plaintiff in error. *Wright Lipford, Solicitor-General, Loeb Ketzky, Boykin & Boykin,* contra.