28787. CARTER v. THE STATE.

ARGUED APRIL 9, 1974 — DECIDED SEPTEMBER 4, 1974.

*Walker, Clarke, McConnell & Richardson, Robert M. Richardson,* for appellant.

*R. Joneal Lee, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.

GRICE, Chief Justice.

Raymond C. Carter, Jr., appeals from his convictions and sentences in the Superior Court of Houston County for the murder of Dennis McInvale, for which he received a sentence of life imprisonment, and the aggravated assault of John Scott Zellner, for which he was sentenced to seven years imprisonment, and the overruling of his motion for new trial.

1. Enumerations of error 1 and 2 relate to the general grounds of the motion for new trial and whether the evidence was sufficient to support the verdict.

We conclude that it was.

The evidence adduced upon the trial established that on March 10, 1973, appellant picked up two teenaged boys, Dennis McInvale and John Scott Zellner, who were hitchhiking home from a skating rink in Warner Robins, Georgia; that shortly thereafter he pulled out a pistol and fatally shot McInvale, who was sitting on the front seat; that he then shot Zellner, the back seat passenger,

several times, wounding him; that he drove several miles out of town and dumped the body of McInvale down an embankment; and that he then drove back toward Warner Robins, stopped by the side of the road and dragged Zellner out where he left him on the shoulder of the road.

Zellner swore that neither he nor McInvale made any threatening gestures toward the appellant before he began shooting; that after the shooting appellant stopped the car several times and at the third stop he checked his pulse and stabbed him and hit him in the head.

Police officers testified that aided by Zellner's description of appellant's car they arrived at his apartment a few hours after the incident and arrested him; and that he assisted them in locating McInvale's body.

Appellant stated that he carried a pistol for his own protection, having been the victim of an armed robbery; that he shot McInvale when he "came sliding across the seat" because he thought he was going to be robbed "or something to that effect"; that Zellner appeared to be coming over the seat and was grabbing with his hands so he "turned and shot him and then I'd say the shot didn't appear to slow him down too much, so I just started beating him back with the gun"; that he did not beat or stab Zellner thereafter; and that he was in a daze after the shootings and could not explain why he disposed of the bodies as he did. Several character witnesses testified in his behalf.

Appellant was examined by a psychiatrist on May 4, 1973, and was determined to be of sound mind at the time of the alleged crimes and mentally able to conduct his defense of the charges.

Whether appellant's fears were reasonable and his actions justifiable was for the jury to determine. Resolution of any conflicts in testimony was properly within its province. *Geter v. State,* 219 Ga. 125, 133 (132 SE2d 30).

2. Appellant's third enumeration contends that the trial court erred in overruling certain requests to charge and in its summation of the law contained within the charge.

(a) A charge on mistake of fact as set forth in Code Ann. § 26-705 (Ga. L. 1968, pp. 1249, 1270; 1969, pp. 857, 859) was requested by appellant and omitted from the summary of law given by the court. When the omission was noted, upon request of appellant's attorney, the judge brought the jury back and gave the requested charge. The jury was instructed that it was inadvertently omitted and should be considered along with the rest of the charge.

Appellant contends that this method of charging the jury on mistake of fact was ineffective and constituted an expression of opinion by the court that this law was not applicable. However, the emphasis thus put upon the charge as given could also have led the jury to believe that the court considered this portion of its charge to be especially important. Moreover, the appellant did not complain at that time to the giving of the charge in this manner.

(b) Appellant's arguments in regard to the trial court's refusal to give requested charges on involuntary manslaughter, accident and heat of passion cannot be sustained. Since the evidence at the trial did not raise these issues there was no error in refusing to give these charges.

Accordingly, this enumeration is without merit.

3. Appellant also complains that a kitchen knife found in his apartment, photographs of Dennis McInvale's body and other items of physical evidence were erroneously admitted at the trial.

(a) It is contended that since John Scott Zellner did not testify that he was stabbed by a knife, the kitchen knife was introduced solely for the purpose of influencing or leading the jury to believe that it was in fact used in the commission of the assault.

We do not agree.

The knife was taken from appellant's apartment by a police officer along with several other bloody items and identified as having been found there immediately after the crime. Appellant denied using it on Zellner but laboratory analysis showed the presence of human blood on it. In our view it was properly admitted into evidence and the conflicting testimony concerning its use was for the jury to consider.

(b)   The photographs of Dennis McInvale's body were identified by the person who took them. They were relevant and material and not objected to as inflammatory by the appellant. Clearly, their admission was proper to show the nature and extent of the victim's wounds. *Sirmans v. State,* 229 Ga. 743 (1) (194 SE2d 476).

(c)   The contentions that the introduction of various automobile parts and the appellant's shoes were cumulative and offered no new evidence are likewise not valid. These items were also blood stained and reinforced the state's position that the quantity of evidence was indicative of the appellant's guilt.

We find no merit in this enumeration.

4.   Appellant next asserts that the trial court's refusal to exclude statements made by him to the investigating officers during the pre-trial investigation was erroneous.

We do not agree.

Two hearings were held out of the presence of the jury to determine whether these statements by appellant were knowingly and voluntarily made. Not only the police officers involved in the interrogation but the appellant himself testified that he agreed to cooperate and throughout the entire investigation he assisted the sheriff and all the police officers voluntarily and willingly. Furthermore, after he responded affirmatively to the police officers when asked if they could talk to him, he was told that he was being arrested and was advised of his Miranda rights.

The argument that these admissions were inadmissible because of certain promises that things would "go easier on him" is likewise not maintainable.

The appellant testified that the officers told him "that they had found one boy and he appeared to be in fairly good shape and at that point the charges against me were merely aggravated assault and if I would help in finding the other boy, *and they could find him alive,* that it would go easier on me; *it wouldn't be a murder charge if he were found alive.* "(Emphasis supplied.)

Clearly this amounted to a recounting of the facts and a request for assistance, rather than a promise of lighter punishment which was the situation in the cases

relied upon by the appellant. It is obvious that he could not be prosecuted for McInvale's murder if the boy were found alive.

In our view, the evidence here was insufficient to show that the appellant's statements were induced by the arresting officers through hope or fear. Code § 38-411. Thus, having determined in the Jackson v. Denno hearings that these statements were admissible, the trial court did not err in permitting this evidence to be presented to the jury. *Walker v. State,* 226 Ga. 292 (3) (174 SE2d 440); *Ladd v. State,* 228 Ga. 113 (2) (184 SE2d 158); *Johnson v. Caldwell,* 228 Ga. 776 (2) (187 SE2d 844); *Callahan v. State,* 229 Ga. 737 (4) (194 SE2d 431).

5. Appellant's sixth enumeration, which urges that the trial court erred in overruling his two motions for directed verdict, is likewise without merit.

The first motion, made at the conclusion of the state's evidence, contended that the state had not carried its burden of proof in establishing the element of the offenses charged. The second motion was made at the conclusion of the presentation of appellant's case upon the ground that he had established that he acted in reasonable fear for his safety in shooting the victims.

Although the evidence was in some instances conflicting, it was clearly ample to establish the shooting through the eyewitness testimony of the surviving victim and statements made by the appellant. Whether or not the appellant acted in reasonable fear for his safety and was justified in shooting the victim were issues for the jury's determination.

Denial of both motions for directed verdict was proper.

6. The failure to furnish appellant an inventory of the items taken from his apartment does not establish that an unlawful search and seizure took place or that this evidence was inadmissible. Such failure is a ministerial act and does not affect the validity of the search. *Guest v. State,* 230 Ga. 569 (1 d) (198 SE2d 158).

Since the appellant has failed to show that reversible error was committed for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*