## 37083. LARKIN v. THE STATE.

JORDAN, Chief Justice.

Fred Larkin, Jr. was convicted of murdering his mother-in-law, Ida Mae Rawls Williams, and sentenced to life imprisonment. He appeals. We affirm.

1. Larkin argues that, even if all conflicts in the evidence are resolved so as to support the jury's verdict, the record does not authorize a rational trier of fact to find him guilty of murder beyond a reasonable doubt. See, Jackson v. Virginia, 443 U. S. 307, 326 (99 SC 2781, 61 LE2d 560) (1979). Specifically, Larkin argues the absence of sufficient evidence to authorize a rational trier of fact to find he caused his mother-in-law's death.

The record establishes that, on January 20, 1980, Larkin attacked his wife in the presence of his mother-in-law, and, that, when his mother-in-law grabbed his coat collar to prevent further violence, Larkin stabbed her with a butcher knife (the wound was 6 to 8 inches deep into the right side of the mother-in-law's abdomen).

On January 30, 1980, immediately following an operation to restitch the wound (infection had caused the wounded tissue to swell and thus the original stitches to separate), the mother-in-law died from a pulmonary embolus—a complication caused by the surgery.

Where one inflicts an unlawful injury, such injury is the proximate cause of death if the injury "directly and materially contributed to the happening of a subsequent accruing immediate cause of the death." *Ward v. State,* 238 Ga. 367, 369 (233 SE2d 175) (1977).

This enumeration of error is without merit.

2. Larkin argues that Code Ann. § 26-1101 (b) is unconstitutional, under the doctrine of due process, because it permits a conviction of felony-murder to be predicated upon an underlying felony which is itself a part of the homicide.

In *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976), where this court held that Georgia law did permit a conviction of felony-murder to be predicated upon an underlying felony which is itself a part of the homicide, this court also expressly noted that such law did not violate the doctrine of due process. Id., at 755.

This enumeration of error is without merit.

3. Larkin argues that the trial court erred in denying his request for a charge on involuntary manslaughter.

Because the evidence at trial did not raise this issue, the trial court did not err in refusing to charge on involuntary manslaughter. *Carter v. State,* 232 Ga. 654, 657 (208 SE2d 474) (1974).

*Judgment affirmed. All the Justices concur, except Gregory, J., who is disqualified.*

DECIDED MAY 14, 1981.

*A. Frank Grimsley,* for appellant.

*Gary C. Christy, District Attorney, Arthur K. Bolton, Attorney General, Charles E. Brown, Staff Assistant Attorney General,* for appellee.