### 63023. MALONE v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for aggravated assault with a deadly weapon. *Held:*

1. Defendant contends the state failed to carry its burden of proof as to intent.

The state's evidence showed that the defendant shot the victim in the face with a pistol, not in self-defense. Defendant admitted the shooting but testified that he did so in self-defense because the victim had a weapon, although no weapon was found.

Defendant argues that because self-defense was raised the state's burden was not only to show that he intended to harm the victim, but also intended not to defend himself, and the evidence does not do this. No authority is cited in support of this argument, nor do we know of any. We will treat defendant's contention as an assertion of the general grounds.

When a defendant produces evidence of the affirmative defense of self-defense, the burden is on the state to establish beyond a reasonable doubt that the defendant did not act in self-defense. See *State v. Moore,* 237 Ga. 269 (1) (227 SE2d 241); *Brooks v. State,* 143 Ga. App. 523 (4) (239 SE2d 207).

On reviewing all of the evidence we find it sufficient to authorize a rational jury to find beyond a reasonable doubt that the defendant did not act in self-defense and that he was guilty of the offense.

2. Defendant also enumerates that he was entitled to a charge to

the effect that the presumption of intent from action could be rebutted, citing Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39).

We find no merit in this enumeration.

Defendant did not request such a charge and stated he had no objection to the charge as given, thus waiving the right to raise the issue on appeal. *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855).

Moreover, we have carefully examined the charge of the court as to intent and find that it is stated solely in terms of inferences of intent, not presumptions, and does not fall within the rule of Sandstrom v. Montana, supra. To the contrary, the court charged that a person would not be presumed to act with criminal intent.

"A 'presumption' and an 'inference' are not the same thing, a presumption being a deduction which the law requires a trier of facts to make, and inference being a deduction which the trier may or may not make, according to his own conclusions; a presumption is mandatory, an inference, permissible. [Cits.]" Black's Law Dictionary, Rev. 4th Ed. 917-18.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 11, 1982.

*H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney,* for appellee.