66199. PORTER et al. v. THE STATE.

SOGNIER, Judge.

Appellants Tommy Lee Porter and J. C. Dexter were convicted of armed robbery. They appeal on the general grounds and also contend the trial court erred by denying their motion for a new trial when two state witnesses recanted their testimony after trial.

Appellants and Milton Dawson were drinking at a club in Cordele, Georgia, when Porter said that they should get some money by robbing something. The three men departed in Porter's car and a short time later drove to the Junior Food Store, where Porter parked and offered Dawson a gun. Dawson had his own gun, so he and Dexter

got out and Dexter went in the store. Dawson waited until a customer left the store, then entered and robbed the cashier at gunpoint, taking $76.20. Dawson locked the cashier in the storeroom and departed after Dexter said he was going to stay in the store. Dawson returned to Porter's car and they departed, later dividing the money taken in the robbery.

Ernest Brown lived in a motel near the Junior Food Store and observed Dexter in the store at the time the robbery occurred; Brown also saw Porter's car in the parking lot near the store at the same time. A short time later Dexter came to Brown's motel room and had three new watches in his pocket. The Junior Food Store sold watches and the key to the display case was missing after the robbery. The cashier identified Dawson as the robber and also testified that Dexter was in the store at the time of the robbery. Another state witness testified that Porter told her that if a detective asked where Porter had been during the robbery, the witness should say he was at a club playing cards.

Both Porter and Dexter testified they had nothing to do with the robbery, and Dexter testified that he was robbed at the same time the cashier was robbed. At a bond hearing prior to trial Dawson testified that appellants had nothing to do with the robbery. At trial Dawson stated the only reason he had so testified at the bond hearing was because appellants had threatened him while the three men were in jail, and Dawson was afraid of appellants.

1. We find the evidence sufficient to support the verdict. Dawson's testimony was corroborated by Brown, who observed Dexter in the store and saw Porter's car parked nearby at the time of the robbery; Brown also observed Dexter with three new watches shortly after the robbery occurred. "Slight evidence of defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict." *Cummings v. State,* 240 Ga. 104, 105 (239 SE2d 529) (1977). The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court deals only with the sufficiency of the evidence, not its weight. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellants' guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellants contend the trial court erred by denying their motion for a new trial on the ground that appellants' accomplices had recanted their testimony after trial. Therefore, argue appellants, it was error not to hold an evidentiary hearing on this issue.

There is nothing in the record or transcript to indicate that

Dawson and another state witness recanted their testimony after trial of this case other than a statement to that effect in appellants' motion for a new trial. Even if affidavits from Dawson and the other witness contrary to their trial testimony were presented to the trial court, such affidavits would be inadmissible as tending to impeach the verdict. *Flowers v. State,* 159 Ga. App. 516, 517 (284 SE2d 32) (1981); *Shirley v. State,* 166 Ga. App. 456 (304 SE2d 468) (1983). Further, a post-trial declaration by a state witness that his former testimony was false is not a cause for a new trial. *Richey v. State,* 132 Ga. App. 188 (207 SE2d 672) (1974); *Sutton v. State,* 238 Ga. 336, 338 (232 SE2d 569) (1977). Thus, the trial court did not err by failing to hold an evidentiary hearing on this issue and by denying appellants' motion for a new trial.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*A. Frank Grimsley, Jr., Susan E. Teaster,* for appellants.
*Gary C. Christy, District Attorney, Kathryn O. Fallin, Assistant District Attorney,* for appellee.