66220. GLASS v. THE STATE.

CARLEY, Judge.

Appellant appeals from the judgments of conviction and sentences entered on jury verdicts finding him guilty of voluntary manslaughter and aggravated assault.

1. The general grounds are enumerated, the assertion being that appellant's actions were justified by reasons of self-defense.

The evidence adduced at trial, although conflicting, authorized the verdicts. *Carter v. State,* 232 Ga. 654, 659 (5) (208 SE2d 474) (1974). "It is well settled that the weight of the evidence and the credibility of witnesses are questions for the triers of fact. [Cits.] This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury, [Cit.] and we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. [Cit.]." *Mosley v. State,* 157 Ga. App. 578 (1) (278 SE2d 154) (1981). See also *Martin v. State,* 164 Ga. App. 500 (297 SE2d 112) (1982); *Malone v. State,* 160 Ga. App. 883 (1) (288 SE2d 595) (1982).

2. Two enumerations of error relate to the manner in which the cross-examination of appellant was conducted by the assistant district attorney. Appellant does not assert that the objections that he now raises on appeal were raised in the trial court. Our independent review of the relevant portions of the transcript indicates that no timely objections to appellant's cross-examination were in fact made. Accordingly, these enumerations of error present nothing for review. *Farmer v. State,* 107 Ga. App. 215 (1) (129 SE2d 404) (1963).

3. The remaining enumeration of error relates to the trial court's giving of a certain jury instruction. Our review of the transcript demonstrates that, although the trial court inquired whether there was any objection, defense counsel raised no objection to the charge now asserted to be erroneous nor did he reserve the right to raise objections to the trial court's instructions until a later time. Accordingly, the right to enumerate error as to the charge has been waived. See *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Susan E. Teaster,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Jr., Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.