## 68065. LEONARD v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of one count of robbery.

1. Appellant first enumerates as error the general grounds. The victim of the crime could not identify appellant as one of his three assailants, and appellant testified that he had no part in the robbery. The most inculpatory evidence was the testimony of an accomplice who had been appellant's girl friend at the time the crime was committed.

"In contending that there was insufficient admissible evidence to sustain his conviction, appellant primarily argues that the testimony of his joint offender/accomplice was not sufficiently corroborated. There are several guidelines with which to determine the extent of corroboration necessary: (1) the accomplice's testimony does not have to be corroborated in every material part; (2) it is not required that the corroboration be sufficient [in itself] to support a conviction; (3) the corroborating circumstances need not be enough to amount to another witness; (4) slight evidence of corroboration connecting the defendant with the crime is sufficient; and (5) the sufficiency of corroboration is a matter for the jury. [Cit.]" *Fitzgerald v. State*, 166 Ga. App. 307, 309 (304 SE2d 114) (1983).

In the case at bar, the accomplice testified as follows: She and her sister were driven by appellant to the victim's home. Appellant parked his car and hid in the victim's barn. The two women then approached the victim and asked for assistance in starting their car. The victim accompanied them to the barn where the car was parked. While the victim was working on the car, appellant grabbed him from the rear. Appellant and the women blindfolded, bound, gagged, and beat the victim. Appellant stole the victim's knife and his wallet, which contained a substantial amount of cash. The three robbers then sped away in appellant's car.

Upon reviewing the transcript, we find that the testimony of the

accomplice was sufficiently corroborated. The victim identified the accomplice and the car used during the crime. The victim's neighbor observed the car and its three occupants leave the victim's home immediately after the robbery occurred. The car was registered to appellant, and it contained some of his personal papers and belongings. Appellant removed the license plate on the car after the robbery. When police officers first questioned appellant, he stated that he had sold the car, but he later recanted that story. Additionally, appellant attempted to hide from the police, and he was arrested after being discovered underneath a pile of dirty clothes in a closet in the accomplice's apartment.

" 'Slight evidence of [appellant's] identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict.' [Cit.] The weight of the evidence and [the] credibility of witnesses are questions for the triers of fact, and this court deals only with the sufficiency of the evidence, not its weight. [Cit.] We find that a rational trier of fact could find from the evidence adduced at trial proof of [appellant's] guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Porter v. State*, 167 Ga. App. 697, 698 (307 SE2d 515) (1983).

2. Appellant next enumerates as error the trial court's instructions to the jury concerning criminal intent. Appellant contends that the charge made reference to presumptions in a manner so as to be violative of the mandate of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). We have carefully examined the court's charge on criminal intent, and we find that it is phrased in terms of inferences, rather than presumptions. " 'A "presumption" and an "inference" are not the same thing, a presumption being a deduction which the law requires a trier of facts to make, and [an] inference being a deduction which the trier may or may not make, according to his own conclusions; a presumption is mandatory, an inference, permissible. [Cits.]' [Cit.]" *Malone v. State*, 160 Ga. App. 883, 884 (288 SE2d 595) (1982). The challenged instruction does not fall within the proscription of Sandstrom v. Montana, supra.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 7, 1984.

*H. Haywood Turner III,* for appellant.

*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney,* for appellee.