## 67913. HUTCHINS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter and appeals (1) on the general grounds. Appellant also contends the trial court erred (2) by denying her motion in limine to prevent evidence that she was the beneficiary of the victim's life insurance policy; (3) by charging, over objection, on voluntary manslaughter and by failing to give her requested charge on involuntary manslaughter; (4) by refusing to allow her to testify as to the deceased's reputation for violence, and specific acts of violence by the victim against others with firearms; and (5) by allowing evidence of a prior inconsistent statement by appellant.

Appellant and the victim, Leepoleon Harshaw, had dated for several months. When appellant returned from church on January 3, 1982 Harshaw was in her house; he left and returned, accusing appel-

lant of being with another man. Harshaw pointed a gun at appellant's head and told her he would blow her head off if she did not admit it. A scuffle ensued over the gun; Harshaw fell down and appellant got the gun. Harshaw started to get up with a wine bottle in his hand and appellant started shooting to keep Harshaw from hurting her, then ran to a friend's house and called the police. Harshaw died as a result of the shooting. Appellant freely admitted the shooting, but stated she acted in self-defense, as she was afraid Harshaw was going to get a gun from her purse and shoot her; her purse was by the stereo and TV where Harshaw fell during the struggle over *his* gun.

1. We find the evidence sufficient to support the verdict. Whether appellant was justified in believing it necessary to use deadly force in self-defense was a question for the jury. *Smith v. State*, 142 Ga. App. 82 (235 SE2d 44) (1977). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by allowing the State, over objection, to introduce evidence that appellant was the person named as beneficiary on Harshaw's life insurance policy. Appellant was tried on a charge of malice murder and the State offered the evidence to show a motive for appellant to shoot Harshaw.

It was error to admit the evidence complained of because there was no showing that appellant knew she was the beneficiary named in Harshaw's insurance policy. In fact, appellant first learned she was the beneficiary several months after Harshaw's death. While evidence tending to show a motive for commission of the crime charged is admissible in a prosecution for homicide, it is essential that the facts on which the motive is assigned shall be within the knowledge of the person accused. *Spradlin v. State*, 88 Ga. App. 230-231 (1) (76 SE2d 435) (1953); *Roger v. State*, 224 Ga. 436, 438 (1) (162 SE2d 411) (1968). We do not believe the error, however, is grounds for reversal under the circumstances of this case. Appellant was acquitted of malice murder, which requires motive, and convicted of voluntary manslaughter, where motive is not involved. The only real issue in the case was whether appellant was justified in killing Harshaw in self-defense. Thus, under the test set forth in *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976), it can be fairly said that it was highly probable that any erroneous admission of testimony and evidence relating to Harshaw's insurance did not contribute to the judgment in this case.

3. a. Appellant contends the trial court erred by charging the jury, over objection, on the offense of voluntary manslaughter. This contention is without merit. Appellant testified that she shot Harshaw after he accused her of infidelity, struck her, pointed a pistol at her head and threatened to blow her head off, threatened to shoot her

in the stomach, and tried to hit her with a wine bottle after appellant managed to get the gun away from Harshaw after a struggle. Certainly such evidence raises the issue of a killing in the heat of sudden passion after sufficient provocation. On the trial of a murder case if there is any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instructions on both offenses should be given. *Banks v. State*, 227 Ga. 578, 580 (1) (182 SE2d 106) (1971); *Henderson v. State*, 234 Ga. 827, 832 (2) (218 SE2d 612) (1975).

b. Appellant contends the trial court erred by failing to give her requested charge on involuntary manslaughter. This contention has been decided adversely to appellant in *Crawford v. State*, 245 Ga. 89, 94 (3) (263 SE2d 131) (1980), where it was held that "it is not necessary to give a request to charge the law as to involuntary manslaughter, [OCGA § 16-5-3 (b)], where the defendant asserts that he or she fired a gun in self-defense."

4. Appellant next contends the trial court erred by ruling that appellant could not testify on direct examination as to her knowledge of Harshaw's reputation for violence, and specifically, his reputation for shooting at people. In this regard, we note initially that appellant was allowed to testify as to specific acts of violence by Harshaw against appellant. However, the trial court would not allow appellant to introduce a certified copy of Harshaw's conviction for shooting at another to show that appellant knew of the prior conviction and, thus, knew that Harshaw would shoot at other persons and had a propensity to do so. Appellant relies on *Henderson*, supra, which held that the trial court erred in excluding testimony of the defendant as to the deceased's *general reputation* for shooting people, as such testimony would not have been proof of any specific act, would not have required the State to rebut any specific act, and would not have prolonged the trial or confused the jury. Id. at 829. However, the court went on to hold that while a defendant should be allowed to testify as to his knowledge, at the time in question, of the deceased's reputation for shooting people (if he knew of such reputation) to show the defendant's state of mind, he should not be permitted to testify that the deceased shot a man and the defendant knew it. Id. at 830. Applying this rule to the instant case, the trial court did not err in ruling that appellant could testify as to Harshaw's general reputation (if she knew of it) for shooting people, but could not testify as to specific acts of violence toward others. *Harrison v. State*, 251 Ga. 837, 839 (3) (310 SE2d 506) (1984).

5. Lastly, appellant contends it was error to allow rebuttal testimony to discredit appellant's testimony on an immaterial matter. In this regard, appellant testified that she was afraid of Harshaw and did not want him in her house; she also denied that someone broke into

her house and she called Harshaw to come stay with her. The State called a witness to rebut such testimony for the primary purpose of showing that appellant was not afraid of Harshaw. We find such evidence contradicted appellant's self-defense theory based on her fear of appellant, and arguably was admissible in rebuttal; in any event, the admission of such testimony was harmless. See *Terry v. State*, 243 Ga. 11, 13 (2) (252 SE2d 429) (1979).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 25, 1984.

*Charles G. Price*, for appellant.

*F. Larry Salmon, District Attorney, Bert W. Cohen, Assistant District Attorney*, for appellee.