70140. ASBURY v. THE STATE.
(333 SE2d 194)

POPE, Judge.

Charles Raymond Asbury was indicted and tried for malice murder. He brings this appeal following his conviction of voluntary manslaughter. *Held*:

1. Appellant raises several enumerations of error challenging the sufficiency of the evidence to support his conviction of voluntary manslaughter. Construed in a light most favorable to the State, the evidence adduced at trial showed that on May 17, 1983 Denise Getty drove up in front of the victim's apartment building to pick up her child. The victim, Tony Massingill, went to her car to talk to her about another car she had for sale. Appellant exited his apartment, got into his car and started it. Appellant began backing his car but could not continue because the end of Getty's car was behind appellant's car. Appellant was told to wait a second when he then backed

his car into Getty's car causing a collision. Massingill stood up and told appellant they were about to move and took a few steps toward appellant's car. A "heated conversation" or argument began which took just a few seconds, and Massingill moved to a position halfway between the two cars. There was testimony that these two men did not like one another and had had words in the past. Appellant then brought a gun up to the window of his car and began firing. At this time Massingill was approximately two feet from appellant's car. When the first shot was fired, Massingill turned away from appellant's car. Appellant continued firing three or four more shots at Massingill. After the last shot was fired, Massingill fell to the ground. Appellant then backed his car out of the parking space and left the scene. Massingill had been shot once in the back of the neck and once in the middle of the back. The bullet that entered the back of the neck had a downward path which terminated in the covering of the heart. Massingill died from internal bleeding caused by this wound.

Appellant's sole defense at trial was self-defense. He testified that Massingill reached into his (appellant's) car, pushing him down on the seat and choking him to a point where he was in fear of his life. Appellant reached under the front seat of his car, retrieved his gun and began firing the gun until Massingill released his grip and removed himself from the car.

"A person commits voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. See OCGA § 16-5-2 [cit.]. The jury here, first of all, determined a lack of malice but found there was evidence that [appellant] acted solely as the result of a sudden, violent, and irresistible passion 'resulting from serious provocation sufficient to excite such passion in a reasonable person,' [rejecting], however, the contentions of [appellant] as shown by his evidence that he did so under the fears of a reasonable man in order to protect his person . . . [Cit.] As the evidence did not demand a finding that [appellant's] actions were justified, as self-defensive measures, the jury's verdict was authorized. [Cits.] We have carefully examined the record and transcript and conclude that under the evidence presented at trial [any] rational trier of fact could reasonably have found [appellant] guilty beyond a reasonable doubt of the offense of voluntary manslaughter. [Cits.]" *Miller v. State*, 166 Ga. App. 639, 640-41 (305 SE2d 172) (1983). See *Hutchins v. State*, 171 Ga. App. 309 (1) (319 SE2d 130) (1984); *Glass v. State*, 167 Ga. App. 749 (1) (307 SE2d 287) (1983); *Guest v. State*, 155 Ga. App. 374 (2) (270 SE2d 904) (1980); *Richards v. State*, 152 Ga. App. 201 (8) (262 SE2d 469) (1979). Compare *Murff v. State*, 251 Ga. 478 (306 SE2d 267) (1983), wherein the

evidence at trial disclosed no "sudden, violent, and irresistible passion," an element of the crime of voluntary manslaughter the proof of which was necessary in order to sustain Murff's conviction. The court found that the facts of record showed that Murff acted with the sole motive of protecting himself and others, not out of any "heat of passion." In the case at bar on the other hand, the evidence was not conclusive as to the issue of self-defense. See generally *Smith v. State*, 142 Ga. App. 82 (235 SE2d 44) (1977).

2. Appellant's remaining enumerations of error level a barrage of criticism upon the adequacy and correctness of the trial court's charge to the jury. The following standards are applicable to these enumerations. "Though present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury[,] this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." (Citations and punctuation omitted.) *Brown v. State*, 157 Ga. App. 473, 475 (278 SE2d 31) (1981). " '[W]here a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.] There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. [Cit.] While the specific portion of the charge of which complaint is made when torn asunder and considered as a disjointed fragment may be objectionable, when put together and considered as a whole, the charge is perfectly sound. [Cits.]' " *Collins v. State*, 145 Ga. App. 346, 348 (243 SE2d 718) (1978). See also *Futch v. State*, 151 Ga. App. 519 (2) (260 SE2d 520) (1979). "There is no requirement in our Code as to the particular form and order in which a judge should give applicable principles of law in charge to the jury. The thing of paramount importance is that the jury be given the controlling issues and the law applicable thereto." *Kryder v. State*, 57 Ga. App. 200, 202 (194 SE 890) (1938). See *Carter v. State*, 140 Ga. App. 295 (2) (231 SE2d 111) (1976). See also *Ennis v. State*, 249 Ga. 222 (3) (290 SE2d 50) (1982). "Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. [Cits.] It is within the court's discretion to recharge the jury in full or only upon the point or points requested. [Cit.]" *Williams v. State*, 151 Ga. App. 765, 766 (261 SE2d 487) (1979). See also *Newsome v. State*, 149 Ga. App. 415 (6) (254 SE2d 381) (1979). Ap-

plying these standards to the trial court's charge to the jury in this case and appellant's various enumerations attacking it, we find no prejudice to appellant's substantial rights and thus no reversible error for any reason assigned on appeal.

3. The trial court did not err in denying appellant's motion for new trial which was based solely on allegations of error which we have resolved adversely to appellant in Divisions 1 and 2 of this opinion.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 8, 1985.

*Nan Marie Deegan,* for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellee.