## 72096. THOMPSON v. THE STATE.
(344 SE2d 696)

BANKE, Chief Judge.

The trial court allowed the defendant to file this out-of-time appeal from his convictions of aggravated assault, armed robbery, and criminal interference with property. The state's evidence showed that the defendant and a companion had broken into the victims' apartment after an earlier discussion with them concerning drugs, that the defendant had then forced one of the victims to remove her clothes, and that he and his companion had subsequently left, taking with them money and other property belonging to the victims. After being apprehended by police and returned to the scene, the defendant kicked out the window of a patrol car. *Held*:

1. The defendant contends that the trial court's charge on intent was unconstitutionally burden-shifting. The court instructed the jury that, under Georgia law, every person is presumed to be of sound mind and discretion but that this presumption may be rebutted. See OCGA § 16-2-3; *Butler v. State,* 252 Ga. 135, 137 (311 SE2d 473) (1984). The trial court thereafter carefully avoided any use of the word "presumption," instructing the jurors that any inferences they might draw from the defendant's conduct respecting his intent were permissible inferences only and that intent was an element which the state was required to prove beyond a reasonable doubt. The defendant's argument to the contrary notwithstanding, a presumption and an inference are not the same thing, a presumption being a deduction required by law, and an inference being a deduction which the trier of fact may or may not choose to make. See *Leonard v. State,* 171 Ga. App. 176 (2) (319 SE2d 64) (1984). See also *Trenor v. State,* 252 Ga. 264 (2) (313 SE2d 482) (1984). The court's charge was in accord with

the Suggested Pattern Jury Instructions prepared by the Council of Superior Court Judges (1984 ed.) and was not unconstitutionally burden-shifting. See *Heard v. State*, 175 Ga. App. 793 (334 SE2d 374) (1985).

2. The defendant enumerates as error the admission of evidence that he had been the perpetrator of another, similar offense. "[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977).

The similarities between the separate offense and the offense for which the defendant was being tried are striking. With respect to the latter, the evidence showed that the defendant and a companion had entered the victims' apartment for the ostensible purpose of discussing a possible drug transaction with them, that the defendant then took one of the victims into the bedroom and ordered her at knifepoint to remove her clothes, and that, at the urging of his companion, the two men then left the apartment without further violence, taking a TV and several other items with them. With respect to the separate offense, the evidence showed that the defendant had entered the victims' apartment with a companion, discussed with the victims a possible drug transaction, and then raped one of them in her bedroom at gunpoint, after his companion had tried to talk him out of doing so. The evidence further showed that when the two men left, they took with them a TV, some stereo components, and other household items. These similarities are amply sufficient to authorize the inference that the crimes were perpetrated by the same person. Accord *Felker v. State*, 252 Ga. 351, 361 (314 SE2d 621) (1984).

3. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of aggravated assault, armed robbery, and interference with government property. See generally *Parker v. State*, 161 Ga. App. 478 (288 SE2d 297) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 9, 1986.

*J. Douglas Willix, L. James Weil, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Russell J. Parker, Assistant District Attorneys,* for appellee.