73726. WRIGHT v. THE STATE.
(356 SE2d 531)

Sognier, Judge.

Appellant was charged with malice murder and convicted of voluntary manslaughter, and he appeals.

1. Appellant's first three enumerations of error refer to alleged errors in the trial court's charge to the jury. However, appellant made no objections and reserved no exceptions to the charge on the grounds now raised in these enumerations. Asserted errors in charges which were not raised when the trial court asked for objections, and which were not reserved, are waived. *Awtrey v. State,* 175 Ga. App. 148, 152 (5) (332 SE2d 896) (1985).

2. Appellant contends the trial court erred by recharging the jury on aggravated assault with a deadly weapon and voluntary manslaughter. Appellant excepted to the trial court's initial charge on these lesser offenses on the ground that under the evidence presented, together with appellant's defense of self-defense, the only verdict authorized was guilty or not guilty of the offense charged. This enumeration of error is without merit.

The evidence disclosed that appellant and the victim, Reuben Wright (no relation to appellant), were in a bar and had a few words. Reuben Wright thought that appellant was seeing Reuben's girl friend, and told appellant that he (Reuben) was going to teach appellant some respect, which was interpreted to mean that Reuben Wright was going to beat up appellant. Appellant went outside and got a pistol from his car and put the pistol in the waistband of his trousers. Appellant went back inside and sat down with two friends he had been talking to earlier. Reuben Wright walked up and "brushed" appellant's shoulder; when appellant asked Reuben why he had done that Reuben grabbed appellant, threw him to the floor and started beating him. Appellant's friends grabbed Reuben and pulled him off appellant and tried to restrain Reuben. Appellant was backing toward the door and Reuben broke loose; according to appellant Reuben "was coming at me with a raged look in his eyes. He done said he would kill me, you know." Appellant then shot Reuben several times, resulting in his death.

A person commits voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. OCGA § 16-5-2. Applying

that definition to the facts of this case, we find the evidence sufficient to warrant a charge on voluntary manslaughter. The victim had thrown appellant on the floor and beaten him, and also said he would kill appellant. When appellant's friends attempted to restrain the victim he broke loose and was coming after appellant again. Certainly such conduct raises the issue of a killing in the heat of sudden passion after serious provocation. On the trial of a murder case if there is any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instructions on both offenses should be given. *Hutchins v. State*, 171 Ga. App. 309, 311 (3(a)) (319 SE2d 130) (1984). Hence, the court did not err by instructing the jury on the lesser offense of voluntary manslaughter.

In regard to the trial court's charge on aggravated assault with a deadly weapon, we agree with appellant that such a charge was not warranted by the evidence, since this case involved a homicide, not an assault. However, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. *Davis v. State*, 167 Ga. App. 701, 702 (1) (307 SE2d 272) (1983). We find nothing prejudicial or harmful to appellant resulting from the charge; if anything, the charge was beneficial to appellant since the jury could have found appellant guilty of an offense less serious than homicide.

3. Appellant contends the evidence was not sufficient to support the verdict. We find the evidence summarized in Division 2 sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1987.

*George R. Jordan, Earl M. McRae, Jr.*, for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney*, for appellee.