## A89A0003. HELMS v. THE STATE.
(381 SE2d 428)

McMURRAY, Presiding Judge.

Defendant appeals his conviction for driving under the influence

of alcohol (OCGA § 40-6-391 (a) (1)). *Held:*

In his sole enumeration of error, defendant asserts the general grounds and first argues that the State failed to lay a proper foundation for the introduction into evidence of the results of his breath test.

"Failure to make a timely and specific objection at trial may be treated as waiver on appeal. *Seabrooks v. State,* 251 Ga. 564, 567 (308 SE2d 160)." *Bennett v. State,* 187 Ga. App. 234, 235 (369 SE2d 552). In the case sub judice, defendant did not object to testimony showing that he had "[p]oint eighteen grams of alcohol per one hundred cubic centimeters of blood." Consequently, there remains nothing for this court to review. See *Riley v. State,* 175 Ga. App. 810 (1) (334 SE2d 863).

Next, defendant argues that the evidence was insufficient to support the verdict because the undisputed testimony of his expert witness showed that the results of his breath test were unreliable. This contention is without merit.

"The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court deals only with the sufficiency of the evidence, not its weight. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982)." *Porter v. State,* 167 Ga. App. 697, 698 (1) (307 SE2d 515). In the case sub judice, the evidence not only showed that defendant had a blood alcohol level of .18 grams, it showed that he drove his vehicle through a police road detour, ignoring police caution lights and ignoring danger signals from a law enforcement officer; that he forced several road workers from the road; that defendant smelled of alcohol when he was apprehended by police officers; that he failed several field sobriety tests before his arrest and that he had consumed at least four 12-ounce bottles of beer before operating his vehicle on the night of his arrest. This evidence was more than sufficient to enable any rational trier of fact to find that defendant was guilty, beyond a reasonable doubt, of being in actual physical control of a motor vehicle while under the influence of alcohol to an extent which rendered him a less safe driver. OCGA § 40-6-391 (a) (1). *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Porter v. State,* 167 Ga. App. 698 (1), supra.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1989.

*Billy L. Spruell,* for appellant.
*Patrick Head, Solicitor, Victoria S. Aronow, Melodie H. Clayton, H. William Rowling, Jr., Assistant Solicitors,* for appellee.