### 76006. MARLOWE v. THE STATE.
(370 SE2d 20)

SOGNIER, Judge.

Appellant was convicted of rape and he appeals.

1. Appellant contends the trial court erred by charging the jury that every person is presumed to be of sound mind and discretion. Appellant argues that the charge deprived him of an important mitigating circumstance he was attempting to prove, namely, that because he was severely retarded, he had a diminished capacity to know what he was doing. Appellant also argues that a jury instruction that creates a mandatory presumption violates the due process clause of the United States Constitution by relieving the State of the burden of persuasion on an element of the offense charged. These arguments are without merit.

The court charged the jury as follows: "[E]very person is presumed to be of sound mind and discretion, but this presumption might be rebutted." In regard to appellant's argument concerning his alleged mental retardation, a mental abnormality, unless it amounts to insanity, is not a defense to a crime. *Wallace v. State*, 248 Ga. 255, 262 (8) (282 SE2d 325) (1981); *Hudson v. State*, 171 Ga. App. 181, 184 (4) (319 SE2d 28) (1984). Further, insanity is an affirmative defense which the *defendant* must prove by a preponderance of the evidence. *Harris v. State*, 256 Ga. 350, 353 (5) (349 SE2d 374) (1986). Thus, the court's charge did not relate to an element of the offense of rape, and did not relieve the State of the burden of proving all elements of the offense charged. As to appellant's argument that the charge relieved the State of the burden of persuasion on an element of the offense charged, thereby depriving appellant of his right to due

process, this court has held that such a charge is not unconstitutionally burden-shifting. *Thompson v. State*, 178 Ga. App. 723, 724 (1) (344 SE2d 696) (1986).

2. Appellant alleges error by the court in allowing Dr. Lewis J. Jacobs to testify as to appellant's capacity to voluntarily waive his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)), thereby violating appellant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States.

Not only did appellant not object to such testimony, but he himself called Dr. Jacobs as a witness at a hearing held outside the presence of the jury to determine the voluntariness of appellant's statement to the police. Although there is some confusion as to whether appellant's enumeration of error relates only to the testimony of Dr. Jacobs at the *Jackson-Denno* hearing, as stated in his brief, or whether his continuing objection to admission of his confession included the testimony of Dr. Jacobs on the merits, we will treat it as the latter. Treating the enumeration in this manner, we find appellant's enumeration controlled adversely to his contention by *Harris v. State*, supra at 352 (3). In that case the court discussed *Estelle v. Smith*, 451 U. S. 454 (101 SC 1866, 68 LE2d 359), relied on by appellant, and stated that *Estelle* held there is no violation of a defendant's Fifth Amendment rights against self-incrimination in a situation where the application of the psychiatrist's findings was confined to a determination of the issue of competency. Since Dr. Jacob's testimony related solely to appellant's ability to understand his rights, it was not error to admit such testimony. *Harris*, supra.

3. Appellant contends it was error to admit his confession into evidence as he was incapable of understanding his *Miranda* rights. At a hearing outside the presence of the jury on this issue Terry Cooper, an investigator with the Jackson County Sheriff's Department, testified that he advised appellant of his *Miranda* rights. Cooper first asked appellant his age and education, and determined that appellant could neither read nor write. Therefore, Cooper went into more detail than normal, by reading one sentence from the "rights" form, putting the sentence into simple terms, and asking appellant if he understood the sentence. After each sentence appellant indicated that he understood the sentence, and to make certain that appellant understood his rights, Cooper went through this entire procedure twice. At the conclusion of his explanation, Cooper asked appellant if he would waive his rights and talk to Cooper about the charge; appellant said yes, he would.

Dr. Jacobs was called as a defense witness at the hearing and testified that he is a psychiatrist who evaluated appellant, whose retardation is in the mild range of mental retardation. Dr. Jacobs testi-

fied that if each of the statements in the *Miranda* warnings were explained to appellant, as was done by Cooper, appellant would understand his rights, even though he might not understand specific words, such as "detrimental" and "waive."

Reverend Henry Segrest was also called as a defense witness at the hearing and testified that he is the director of the New Dawn Training Center, a State facility for the care of mentally retarded persons, and had held that position for fourteen years. Appellant was a student at the center for over four years, and based on Segrest's contact with appellant over that period of time, it was Segrest's opinion that appellant would not understand his *Miranda* rights. Segrest also testified that appellant was a very passive person and in the presence of an authority figure would always do what an authority figure asked him to do or directed him to do. Segrest has no training in psychiatry or psychology; all of his training and education is in the field of theology.

Appellant argues that the testimony of Segrest showed clearly that appellant could not understand his *Miranda* rights. If Segrest had been the only witness on this issue, we might agree. However, another defense witness, Dr. Jacobs, testified that appellant's mental retardation was in the mild range and appellant could understand all of his rights if they were explained to him, as was done by Cooper not once, but twice. Further, Cooper testified that appellant stated he understood his rights.

A mere showing that a person who confessed to a crime may have suffered from some mental disability is not a sufficient basis on which to exclude the statement. *Corn v. State*, 240 Ga. 130, 136 (3) (240 SE2d 694) (1977); *Mitchell v. State*, 162 Ga. App. 780, 781 (3) (293 SE2d 48) (1982). "A trial court may be authorized to find that an individual is capable of waiving his rights even though there is evidence to the effect that he is moderately retarded. [Cit.]" *Moses v. State*, 245 Ga. 180, 186 (5) (263 SE2d 916) (1980). The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by appellate courts unless clearly erroneous. *Miller v. State*, 240 Ga. 110, 112 (239 SE2d 524) (1977); *Marshall v. State*, 248 Ga. 227, 231 (3(9)) (282 SE2d 301) (1981). Considering all the evidence presented at the hearing on this issue, we find no error in the trial court's ruling admitting appellant's confession into evidence.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 26, 1988.

*Jerry C. Gray*, for appellant.

*Timothy G. Madison, District Attorney*, for appellee.