## S99A1263. BROOKS v. THE STATE.
(523 SE2d 866)

HUNSTEIN, Justice.

Christina L. Brooks was found guilty of malice murder and possession of a firearm during the commission of a felony arising out of the shooting death of Dalio Wilson. She appeals from the denial of her motion for a new trial.[1]

1. In two enumerations appellant contends her Sixth Amendment right of confrontation and OCGA § 24-3-52 were violated by the admission into evidence of a videotaped confession by her brother, Eric Brooks. We agree and reverse.

The transcript reveals that after Eric Brooks refused to testify at appellant's trial, the court allowed the jury to view the taped statement he made to the police. OCGA § 24-3-52 provides that "[t]he confession of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself." This statute "was designed to protect a defendant from the hearsay confession of a co-conspirator who does not testify at trial. [Cits.]" *Livingston v. State,* 268 Ga. 205, 211 (486 SE2d 845) (1997). Furthermore, the introduction of a non-testifying joint offender's confession to show the defendant's involvement in the crimes violates the defendant's constitutional right to confrontation. Id. The State's arguments about the trustworthiness of Brooks's statement and the necessity for its admission are unavailing. See *Hanifa v. State,* 269 Ga. 797 (2) (505 SE2d 731) (1998). Given that OCGA § 24-3-52 applies to "joint offenders," we find no merit in the State's argument that the statute was inapplicable because neither sibling was charged with conspir-

---

[1] The crimes occurred on December 1, 1996. Brooks was indicted September 17, 1997 in Chatham County on charges of malice murder, felony murder, aggravated assault, and three counts of possession of a firearm during the commission of a felony. She was found guilty of malice murder and one possession charge on May 21, 1998 and that same day was sentenced to life imprisonment for the murder and five years to serve consecutive on the possession charge. Brooks' motion for new trial, filed June 4, 1998, was denied March 19, 1999. A notice of appeal was filed March 30, 1999. The appeal was docketed May 26, 1999 and was orally argued September 13, 1999.

acy nor was Brooks indicted with appellant. Finally, based on our review of appellant's taped confession, we cannot say that the admission of Brooks's statement was harmless error. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accordingly, we must reverse appellant's conviction.

2. Because the issue may appear on retrial, we address appellant's three enumerations contending error in the admission of her taped statement to police.

(a) Based on our review of the videotaped statement, we find no merit in appellant's argument that the tape should have been excluded because appellant had invoked her right to counsel. The comments on which appellant relies, when viewed in context, were not clear invocations of the right to counsel and thus the officers had no obligation to cease questioning her immediately. See *Jordan v. State*, 267 Ga. 442 (1) (480 SE2d 18) (1997).

(b) Appellant argues that her statement should have been excluded because she was insane when she spoke with the police. It is well settled that a person who is mentally ill can be competent to make a voluntary confession. *Johnson v. State*, 256 Ga. 259 (4) (347 SE2d 584) (1986). Further, "[a] mere showing that a person who confessed to a crime may have suffered from some mental disability is not a sufficient basis on which to exclude the statement. [Cits.]" *Marlowe v. State*, 187 Ga. App. 255, 257 (370 SE2d 20) (1988). Based on our review of the tape and the expert testimony submitted regarding appellant's mental condition, we find no error in the trial court's conclusion that appellant's statement was freely and voluntarily given after a knowing and intelligent waiver of her rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

(c) Finally, because appellant's comments about her marijuana usage were relevant to explain why she went with the victim into the woods, the statements were admissible. *Baxter v. State*, 254 Ga. 538 (16) (331 SE2d 561) (1985) (if evidence is relevant and material, it is not inadmissible because it incidentally puts defendant's character in issue).

3. The evidence adduced at trial authorized the jury to find that Dalio Wilson telephoned appellant's residence on December 1, 1996, the last day the victim was seen alive. Wilson's body was discovered approximately two months later. Expert testimony established that he died from gunshot wounds to his chest and abdomen. Three .38 caliber bullets were recovered from his body. Appellant purchased a Lorsen L-380 caliber pistol five months before the crime. Appellant made a statement to the police in March 1997 in which she admitted to walking into a wooded area with the victim, along with her brother, Eric Brooks, in order to smoke marijuana; and that after leaving the other two inside an abandoned shack, she retrieved a .38

pistol, entered the building and fired at the victim five times.

This evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 15, 1999.

*Mark J. Nathan,* for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.