## S00A0412. MOORE v. THE STATE.

(528 SE2d 793)

Fletcher, Presiding Justice.

Reginald Keith Moore was convicted of felony murder in the death of John Henry Lamar.[1] Moore contends that the trial court should have suppressed his statement to police because he made a clear and unambiguous request for counsel. Because the trial court correctly concluded that Moore did not make an unambiguous request for counsel, we affirm.

1. The evidence presented at trial shows that Moore found his girlfriend, Sharon Brown, and Lamar together in bed, the two men fought, and Moore hit Lamar repeatedly with a lead pipe and killed him. Later that night, a police officer saw Brown's car pushing Lamar's car down the street. Subsequently, Moore and Brown dumped Lamar's nude body down a ravine and left the state. Four months later, Moore turned himself in and gave Brown's address to police. When arrested, Brown was wearing a gold chain with an anchor that had belonged to Lamar and had a cellular telephone that he had used. Brown was indicted along with Moore and entered a guilty plea to armed robbery at the end of their joint trial.

During the trial, the medical examiner testified that Lamar was hit eight to ten times and died as a result of blunt head trauma. A crime lab specialist testified that there was a DNA match between the victim and blood found on the carpet and vent cover in the defendants' apartment. In a taped statement heard at trial, Moore admitted killing Lamar, but said he acted in self-defense. After reviewing the evidence in the light most favorable to the jury's deter-

---

[1] The killing occurred on October 8, 1995. Moore was indicted on January 2, 1997. A jury found him guilty on January 17, 1997, and the trial court sentenced him to life imprisonment. Moore filed a motion for new trial on February 6, 1997, and amended the motion on April 6, 1999. The motion was denied on July 8, 1999. Moore filed a notice of appeal on July 27, 1999, in the court of appeals, which transferred the case to this court on November 18, 1999. The clerk's office docketed the case on November 24, 1999, and it was submitted for decision without oral arguments on January 17, 2000.

mination of guilt, we conclude that a rational trier of fact could have found Moore guilty of felony murder.[2]

2. Moore contends that the trial court erred in failing to suppress his statement after he invoked his right to counsel. The tape transcript shows that Moore said that he was not going to talk with police about how he and Brown got rid of the body.

> Like I said, I'm not gonna go into that right now, you know. I'm just basically telling you my side of the story. As far as anything in detail, I'd like to talk to [unintelligible] as far as who the public defender, or whoever my attorney is going to be. Plus I'd like to sit down and see what she has to say. Because I need to know basically what side of the story she's coming from. Where, you know, what is it, am I facing a, a self defense here, am I facing manslaughter charge, am I facing a murder, convicted.

The trial court ruled that Moore did not invoke his right to counsel by referring to the fact that he would have an attorney in the future and continuing to answer questions.

A suspect must make a clear and unambiguous request to have counsel present during a custodial interrogation to require law enforcement officers to stop their questioning.[3] The suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."[4] We have previously held that statements that "I might need a lawyer" and "I will still talk to my lawyer tomorrow" were not clear and unambiguous requests for counsel.[5] Similarly, we conclude that Moore's statement that he would like to talk to someone about who his attorney was going to be is not a clear request for counsel. Therefore, the police detective was not required to cease questioning Moore based on his reference to an attorney.

3. Moore also contends that the trial court erred in failing to sever his trial from his co-defendant's trial. Although Brown filed a motion for severance, Moore did not file a similar claim, join in Brown's motion, or ask to be tried separately before trial. Since the right to a severance arises only on an appropriate motion at trial, we decline to consider the issue for the first time on appeal.[6]

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981).

[4] *Davis v. United States*, 512 U. S. 452 (114 SC 2350, 129 LE2d 362) (1994).

[5] See *Jordan v. State*, 267 Ga. 442, 444 (480 SE2d 18) (1997); *Luallen v. State*, 266 Ga. 174, 178 (465 SE2d 672) (1996).

[6] See *Smith v. State*, 267 Ga. 372 (477 SE2d 827) (1996); *Way v. State*, 239 Ga. 316 (236

4. On the remaining claims, we conclude that the trial court did not abuse its discretion in admitting pre-autopsy photographs that showed the victim's head wounds[7] or err in denying Moore's claim of race discrimination in the jury selection after the state articulated a race-neutral reason for striking an African-American woman from the jury.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Daniel L. Henderson, Jonathan R. Melnick,* for appellant.

*Patrick H. Head, District Attorney, Frank R. Cox, Maria B. Golick, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

SE2d 655) (1977).

[7] See *Hayes v. State,* 268 Ga. 809, 812 (493 SE2d 169) (1997).

[8] See *Lyons v. State,* 271 Ga. 639, 641-642 (522 SE2d 225) (1999).