## S00A0842. WYATT v. THE STATE.
### (532 SE2d 390)

HUNSTEIN, Justice.

Dexter Ramone Wyatt was indicted on charges of malice murder and felony murder. A jury found him guilty of felony murder and he was sentenced to life imprisonment.[1] He appeals from the denial of his motion for a new trial.

1. The evidence adduced at trial authorized the jury to find that Wyatt went to the home of the victim, Johnny Clarence Stephens, in order to purchase sex from a prostitute. A fight broke out between Wyatt and the prostitute and Stephens intervened, bringing with him a knife. Wyatt grabbed the knife and broke the tip by slamming it to the floor. Wyatt proceeded to strike Stephens in the head with the broken knife handle; hit the victim on the face and in his mouth with a metal pole as the victim lay on the floor; hit the victim with a coffee table, leaving wood splinters in the victim's eye; and then stomp the victim at least twice in the chest. Expert testimony established that the victim died as a result of the stomping. Wyatt left the scene but when he later passed the victim's home, saw police at the scene, and learned the victim was dead, Wyatt approached one of the officers and said, "Excuse me, sir, but I think you need to lock me up." In his statement to the police Wyatt said that after Stephens cut him in the face with the knife, he became enraged and inflicted the metal pole and stomping injuries after Stephens had ceased fighting back. At trial, Wyatt testified that Stephens was still struggling when he inflicted these injuries and that the coffee table injuries occurred when Wyatt fell over the table while leaving and flipped the table

---

[1] The murder occurred on August 19, 1998. Wyatt was indicted in September 1998 in Newton County. He was found guilty on March 10, 1999 and was sentenced on March 15, 1999. His motion for new trial, filed March 22, 1999, was denied September 30, 1999. A notice of appeal was filed October 20, 1999. The appeal was docketed in the Court of Appeals and transferred to this Court where it was docketed on February 8, 2000. The appeal was submitted for decision on the briefs.

onto Stephens' body.

The evidence adduced at trial was sufficient to enable a rational trier of fact to find Wyatt guilty of felony murder based on the underlying aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying Wyatt's motion for a directed verdict of acquittal or motion for new trial.

2. Wyatt contends the trial court erred by allowing into evidence his custodial statement which Wyatt asserts was obtained in violation of his Federal constitutional rights. The record reveals that Wyatt, who was 29 years old with an eleventh grade education, was read his rights, signed and initialed that he understood the rights, and then, when asked if he wanted to speak, replied that "I could make a statement, but I'll just wait till I get a lawyer." Both officers in the room then clarified with Wyatt that he did not want to talk and upon receiving Wyatt's response, each officer said "okay" and ceased questioning him. Immediately thereafter, Wyatt initiated further communication by stating "Well, I might as well, I changed my mind." The officers sought clarification again and when Wyatt repeated that he had changed his mind and wanted to talk to the officers without a lawyer, the interrogation proceeded from that point.

The record supports the trial court's finding that the appropriate warnings were given to Wyatt, that he understood the rights and the charges against him, was not under the influence of drugs or alcohol, and was not threatened or promised anything to obtain a statement. See *White v. State*, 255 Ga. 210 (2) (336 SE2d 777) (1985) (trial court's findings in *Jackson-Denno* hearing to be accepted unless clearly erroneous). The trial court also determined that Wyatt's statement that he "could" make a statement but "I'll just wait till I get a lawyer" was ambiguous under the circumstances. Although clarification of an ambiguous request for counsel is not required under the Federal constitution, see *Jordan v. State*, 267 Ga. 442, 445 (480 SE2d 18) (1997), the officers nevertheless sought such clarification and, after Wyatt's inartful comment, limited their questions to ascertaining Wyatt's intention and resolving any possible ambiguity that may have been created by his comment. Id. The record is clear that upon receiving Wyatt's unambiguous statement that he did not want to talk until he was represented by counsel, the officers immediately ceased their interrogation. The record is also clear that Wyatt thereafter changed his mind, informed the officers of his decision, reiterated this decision when the officers asked him about it, and chose voluntarily to answer the officers' questions about the crime. The trial court was thus authorized to find that Wyatt knowingly and intelligently waived the right to counsel he had previously invoked, id. at 445, and

the admission of Wyatt's statement was not clearly erroneous. See generally *Bruce v. State*, 263 Ga. 273 (2) (430 SE2d 745) (1993).

3. Our review of the photographs admitted into evidence, which Wyatt objected to on the bases that they were duplicative and inflammatory, reveals that the photos illustrated different injuries or different views of wounds inflicted during the brutal attack on the victim. The trial court did not abuse its discretion by admitting the photos. *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983); *Miller v. State*, 179 Ga. App. 100 (2) (345 SE2d 647) (1986).

4. The trial court charged the jury on involuntary manslaughter in its original charge. The jury thereafter requested to hear certain charges again, but did not ask to hear the involuntary manslaughter charge and the trial judge did not include it in his recharge. We note that the trial judge instructed the jury that by giving them the requested charges "I don't mean to minimalize any of the other charges I gave you. That you need to consider all charges together as a total circumstance." We find no abuse of the trial court's discretion in the manner in which it handled the recharge. See *Shelby v. State*, 265 Ga. 118 (4) (453 SE2d 21) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*John P. Howell*, for appellant.

*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General*, for appellee.