## A03A0628. BRAHAM v. THE STATE.
(580 SE2d 256)

BLACKBURN, Presiding Judge.

Following a jury trial, Eric Todd Braham appeals his conviction of armed robbery, kidnapping, and carjacking, contending that inculpatory custodial statements given after he requested an attorney should have been suppressed. Because Braham never clearly requested the presence of an attorney, we affirm.

The standard of review in this case is:

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnote omitted.) *Phagan v. State*.[2]

Viewed in this light, the record shows that, on September 27, 2001, Braham was arrested in DeKalb County after he was discovered driving the victim's 1997 Nissan Pathfinder. While in custody at the DeKalb County jail, he was interrogated by Detective Wayne Kelley, who told him he was a Douglas County police officer, and that he wanted to ask him some questions. After Kelley read Braham his *Miranda* rights, a discussion followed which included the following:

> KELLEY: Now, having been told this and read this, do you understand what your rights are?
> BRAHAM: (Nodding head.)
> KELLEY: Is that a yes?
> BRAHAM: Yes.
> KELLEY: Okay. And at this time, do you wish to talk to me? . . . But do you want a lawyer here right now while you're talking to me? And. . . .
> BRAHAM: I'll talk to you. I'll do the best I can. I'll answer

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

any questions. If I feel something's not right, you know, then I'll just have to deny it. But I want to talk to you, sure.

KELLEY: Okay. Do you mind signing that just saying that you understand your rights? See, remember that last line here? You can decide at any time.

BRAHAM: Okay.

Braham then signed the waiver of rights, and Detective Kelley began asking him about the stolen vehicle; this questioning eventually led to Braham's confession.

Braham argues that he did not waive his right to counsel and that any statements that followed were inadmissible. The trial court conducted a *Jackson-Denno* hearing, at which a videotape of the relevant portion of the interrogation was played. Because the interrogation was videotaped and there are no relevant additional facts, the trial court's application of the law to the undisputed facts is subject to de novo appellate review. *Taylor v. State*.[3] We agree with the trial court that Braham never made an unequivocal request for an attorney and that he knowingly and voluntarily waived his *Miranda* rights.

"Law enforcement officers must immediately cease questioning a suspect who has *clearly* asserted a right to have counsel present during custodial interrogation." *Jordan v. State*,[4] citing *Edwards v. Arizona*.[5] To qualify as an unambiguous request for an attorney, a suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis v. United States*.[6]

In *Tucker v. State*,[7] we held that a defendant's statement that " 'I don't know what to do. I guess I need a lawyer' " was not a clear invocation of his right to counsel. Id. at 322 (1). See also *Moore v. State*[8] (comments about the need for a lawyer in the future while continuing to answer questions does not constitute an unequivocal request for an attorney at questioning). In *Wyatt v. State*,[9] our Supreme Court characterized " 'I could make a statement, but I'll just wait till I get a lawyer' " as ambiguous. Id. at 491 (2). Here, Braham's initial response was similar in its ambivalence and was even less assertive of the right to counsel than the defendant's statement in *Wyatt*. Nor

[3] *Taylor v. State*, 274 Ga. 269, 272 (553 SE2d 598) (2001).
[4] *Jordan v. State*, 267 Ga. 442, 444 (480 SE2d 18) (1997).
[5] *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981).
[6] *Davis v. United States*, 512 U. S. 452, 459 (114 SC 2350, 129 LE2d 362) (1994).
[7] *Tucker v. State*, 228 Ga. App. 321 (491 SE2d 420) (1997).
[8] *Moore v. State*, 272 Ga. 359 (528 SE2d 793) (2000).
[9] *Wyatt v. State*, 272 Ga. 490 (532 SE2d 390) (2000).

would any of Braham's subsequent declarative statements put a reasonable police officer on notice that Braham was unequivocally requesting an attorney.

Although Braham asked during the interview, "[c]an we get [an attorney] quickly," the result herein does not change. This question also failed to constitute an unequivocal assertion of the right to counsel. In *Hall v. State*,[10] our Supreme Court held that the question " 'when do you think I'll get to see a lawyer' " was not an unambiguous request for one. Id. at 269 (1). See also *Carroll v. State*[11] (inquiry as to how defendant would be appointed a lawyer is not an unambiguous request for counsel). We find Braham's question to be materially indistinguishable from that in *Hall*.

The present facts are distinguishable from those in *Taylor*, supra, cited by Braham, where in response to the officer's statement, "I want to know your side of it before we pick anybody else up, okay . . . [t]ell me about it," the defendant responded, "[c]an I have a lawyer present *when I do that*?". (Emphasis supplied.) Id. at 270. There, the defendant clearly requested an attorney to be present at questioning, not at some unspecified time.

The United States Constitution does not require clarifying questions to follow a suspect's ambiguous request for an attorney. *Davis*, supra at 461. Braham has only claimed a violation of his *federal* constitutional rights, and therefore *Davis* controls our decision. See *Jordan*, supra at 446. We note, however, that Detective Kelley's responses to Braham's ambiguous statements "did not constitute a subterfuge for eliciting a waiver under the guise of clarification." *Hall*, supra at 275 (3). Kelley consistently erred on the side of caution, explaining his need to know whether Braham wanted "a lawyer here right now while you're talking to me." Only when Braham unequivocally expressed a desire to talk, did Kelley move on to substantive interrogation. The trial court did not err in admitting Braham's statements to Detective Kelley.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 10, 2003 —
RECONSIDERATION DENIED MARCH 26, 2003 —

*Virginia W. Tinkler, Jeffrey M. Gore, Monica T. Myles*, for appellant.

---

[10] *Hall v. State*, 255 Ga. 267, 275 (336 SE2d 812) (1985).
[11] *Carroll v. State*, 275 Ga. 160, 161 (563 SE2d 125) (2002).

*David McDade, District Attorney, Brian K. Fortner, Assistant District Attorney*, for appellee.