A03A2110. MOORE v. THE STATE.
(588 SE2d 327)

ANDREWS, Presiding Judge.

Vaughn Anthony Moore appeals from the judgment entered after a jury found him guilty of armed robbery. He claims the trial court erred in denying his motion to suppress, in failing to give a charge on a lesser included offense, and in sentencing him to life in prison. Moore also claims the evidence was insufficient to support the ver-

[16] Id. at 589-590 (1).
[17] *Lingo v. State*, 263 Ga. 664, 669 (1) (c) (437 SE2d 463) (1993).
[18] *Berry v. State*, 263 Ga. 493, 494 (435 SE2d 433) (1993).

dict. For the following reasons, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to support the verdict, was as follows. Reginaldo Hilario testified that he was about to enter his apartment when two men approached him. One of the men put a gun to his stomach and the other put his hand in his pocket and took $400. As the men were running away, Hilario started yelling for help and his nephew came out of the apartment. They began chasing the robbers and at some point were joined by police officers who finally caught the two men, Moore and co-defendant DeAngelo Lynch.

In his first statement to police, Moore said that he had just gotten off a bus when Lynch ran up to him. He said police later stopped the two of them as they were walking down the street. In a second statement, Moore admitted to the robbery but said he was only the lookout and Lynch pointed the gun at the victim while another man took the money out of the victim's pocket. Moore stated that he did not know the name of the man who took the money from the victim. He said that the $273 the officers found on him was for selling fake crack cocaine.

A police officer testified that he joined the chase in progress as the two men ran away from the victim's apartment building. He said he followed Moore and Lynch in his car until they stopped running. The officer testified that Lynch had a gun in his pocket when he was arrested. He also stated that the victim identified the two men as having just robbed him.

Lynch, who previously pled guilty to the crime, testified at trial. He said he met Moore and another man while they were all staying at the same motel. Lynch said they discussed robbing someone. He said that he had a gun and Moore went with him to take the money while the other man acted as lookout. Lynch said he pointed the gun at the victim and Moore got the money and then they both ran. The police eventually caught them because they got tired of running.

1. The evidence was sufficient to support the verdict. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)]." *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). Here, the evidence was sufficient to authorize the jury to find Moore guilty of armed robbery beyond a reasonable doubt. *Jackson*, supra.

2. Next, Moore claims the trial court erred in denying his motion to suppress his statement because he never waived his right to have an attorney present. We disagree.

"On review, this Court will uphold a trial court's findings as to disputed facts in a motion to suppress unless clearly erroneous, whereas the trial court's application of the law to undisputed facts is subject to de novo appellate review. *State v. Ray*, 272 Ga. 450 (2) (531 SE2d 705) (2000)." *State v. Langlands*, 276 Ga. 721 (1) (583 SE2d 18) (2003).

In this case, the investigator who interviewed Moore testified that Moore read the *Miranda* warning and waiver of rights form out loud. Moore was asked if he understood his rights and Moore said, "So, if I needed a lawyer — right — I would have to wait?" The detective answered yes and asked again if he understood his rights. Moore responded, "Yes." The detective again asked if he wanted to talk to them and Moore said, "Yeah, I [sic] talk to you. I guess I'll get a lawyer, too." Moore then signed the waiver of rights form which provided that he was willing to make a statement and did not want a lawyer at that time. The investigator testified that Moore was coherent and understood the form he signed. Moore did not testify at the hearing.

As to Moore's second statement, the investigator testified that Moore initiated the second interview. She said that Moore never, during either interview, said that he wanted to have a lawyer present.

> Law enforcement officers must immediately cease questioning a defendant who has *clearly* asserted a right to have counsel present during custodial interrogation. *Jordan v. State*, 267 Ga. 442 (1) (480 SE2d 18) (1997), citing *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). But if the defendant "makes a reference to an attorney that is ambiguous or equivocal[,] in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," cessation of the questioning is not required. *Davis v. United States*, 512 U. S. 452, 459 (114 SC 2350, 129 LE2d 362) (1994).

*Fitz v. State*, 275 Ga. 349, 353 (566 SE2d 668) (2002).

"A defendant may make a limited request for counsel, which the police are required to honor to no greater extent than the express limits of his reservation." (Punctuation omitted.) *Baird v. State*, 263 Ga. 868, 870 (440 SE2d 190) (1994) (quoting *Connecticut v. Barrett*, 479 U. S. 523, 529 (107 SC 828, 93 LE2d 920) (1987)). Where as here, an appellant's limited request for counsel was accompanied by affirmative announcements of his willingness to speak with the

authorities, that officials took the opportunity provided to obtain a statement is quite consistent with the Fifth Amendment. *Miranda* gives the defendant a right to choose between speech and silence, and Moore chose to speak.

There was also no error in denying Moore's motion to suppress his second statement to police.

> As [the Supreme Court of Georgia] stated in *Roper v. State*, 258 Ga. 847 (375 SE2d 600) (1989), cert. denied, *Georgia v. Roper*, 493 U. S. 923 (110 SC 290, 107 LE2d 270) (1989), once an accused in custody invokes his right to counsel, he should not be interrogated further without counsel present, "unless the accused himself initiates further communication, exchanges or conversations with the police." Where, as here, the accused initiates further discussions and knowingly and intelligently waives his *Miranda* rights, he may be interrogated further even if he has made a previous unequivocal request for counsel.

(Citations omitted.) *Bright v. State*, 265 Ga. 265, 280 (455 SE2d 37) (1995).

In this case, Moore, who never made a previous unequivocal request for counsel, initiated the encounter during which he gave his second statement. Accordingly, the trial court's decision to admit the statements was not clearly erroneous. *Bright*, supra.

3. Moore also argues that the trial court erred in refusing to charge the jury on the lesser included offense of robbery by intimidation. Although robbery by intimidation is a lesser included offense of armed robbery, failure to charge on this lesser included offense is not error where the evidence does not demand such a charge. *Holcomb v. State*, 230 Ga. 525, 527 (198 SE2d 179) (1973). Here, the uncontradicted evidence was that Lynch pointed a gun at the victim. There was no evidence, therefore, that would have authorized a conviction for robbery by intimidation that would not also have demanded a conviction for armed robbery. *Tew v. State*, 246 Ga. App. 270, 274 (539 SE2d 579) (2000); *Lightfoot v. State*, 227 Ga. App. 605, 607 (490 SE2d 177) (1997); *Griffeth v. State*, 154 Ga. App. 643, 645 (269 SE2d 501) (1980).

4. In his last enumeration, Moore claims the trial court erred when it sentenced him to life imprisonment without parole because he did not have a prior conviction for a serious violent felony. But, as the State points out, the record shows that Moore was not sentenced to life without parole under OCGA § 17-10-7 (b) (2), he was sentenced under OCGA § 17-10-7 (a) which does not require a prior conviction

for a serious violent felony and does not state that the offender is not eligible for parole. Accordingly, this enumeration presents nothing for our review.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 3, 2003.

*Hunnings & Hasty, Jason R. Hasty*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Steven C. Chen, Assistant District Attorneys*, for appellee.