2. In light of the foregoing, the Tax Board's remaining contentions are moot.

*Judgments reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED DECEMBER 18, 2007.

*Sell & Melton, Kevin T. Brown, Mary E. Hand*, for appellant.
*W. Dan Roberts*, for appellee (case no. A07A2048).
*Vaughn, Wright & Boyer, James A. Vaughn, Amy Smith Boyer*, for appellee (case no. A07A2049).
*Hyrum O. Pierce*, for appellee (case no. A07A2050).

A07A1756. JOHNSON v. THE STATE.
(656 SE2d 200)

RUFFIN, Judge.

Following a bench trial on stipulated facts, the trial court found Keith Johnson guilty of burglary. In his sole enumeration of error on appeal, Johnson contends that the trial court erred in admitting his custodial statement because it was made after he invoked his right to counsel. Finding no error, we affirm.

Before trial, Johnson moved to exclude his in-custody statement to police. After reviewing a DVD of the in-custody statement, the trial court denied the motion.[1] The parties stipulated at trial that Johnson entered the victim's home without authority. Thus, the issue before the trial court was whether Johnson had the intent to commit a theft when he entered the home. To prove his intent, the State relied solely on Johnson's custodial statement to police.

---

[1] The trial court's order states that "the Defendant and both attorneys agreed that after hearing brief arguments by [c]ounsel[,] the [c]ourt would view the DVD of the Defendant's statement on its own and then render a decision. The parties were given an opportunity to file briefs in respect to said hearing[,] but declined. . . ." The appellate record contains a copy of the DVD, but does not include a transcript from the hearing.

Our review of the DVD recording of Johnson's custodial statement shows the following exchange after an officer read Johnson his *Miranda*[2] rights and a waiver of those rights from a printed document:

> Officer 1: At this time do you wish to speak to us?
>
> Johnson: Yeah, but, uh, I need, I need some kind of way to get in touch with my family . . . [unintelligible] so they can know that I do need a lawyer. We got a family lawyer, but I'm gonna let them know that . . . that's the only thing I can do. We've got a family lawyer, but I need to get in touch with him and let them know that I'm in trouble. Or we can wait [un]til after this [is] done. That's all I can do.
>
> Officer 1: Do you want to talk to us without a lawyer here? Or do you want us to contact your lawyer?
>
> Johnson: I'm gonna need to be able to get in touch with him some kind of way.
>
> Officer 1: Well, you can call him. Once you get, you know — one way or the . . .
>
> Johnson: I mean, I can talk to him. That ain't no problem. But I need to be able to get in touch with him. I mean, uh, get in — my family knows that number. I mean, just have to call my family collect. That's the only thing I can do, is call my family collect.
>
> Officer 1: I mean, you give me a number, I can call your family and tell them that you're in trouble and you need them to — whatever you want me to tell them.
>
> Johnson: O.K.
>
> Officer 2: Bottom line, Keith, is — is that right now we just need a yes or no answer. Are you willing to talk to us without a lawyer?
>
> Johnson: Yeah. Yeah. Yeah.

Johnson then signed the waiver of his *Miranda* rights and gave a statement.

On appeal, Johnson contends that the trial court erred in admitting his post-*Miranda* statement because the police obtained it by continuing to interrogate him after he asked for a lawyer. Generally, "[w]e review a trial court's factual findings on the admissibility of a custodial statement under the clearly erroneous standard, considering the totality of the circumstances."[3] Here, however, because "the

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] *Simon v. State*, 279 Ga. App. 844, 846 (1) (632 SE2d 723) (2006).

statement in [Johnson's] case was videotaped and there are no [additional] relevant . . . facts, the trial court's application of the law to the undisputed facts is subject to de novo appellate review."[4]

Pursuant to *Edwards v. Arizona*,[5] once a suspect invokes his right to counsel during a custodial interrogation, he may not be subjected to further interrogation by law enforcement until counsel has been made available or the suspect initiates further conversation or communication with the authorities.[6] A suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."[7] But if the suspect's reference to counsel is ambiguous or equivocal, cessation of the interrogation is not required.[8]

In *Davis v. United States*, the Supreme Court concluded that the defendant's statement, " 'Maybe I should talk to a lawyer' " was ambiguous and therefore did not require that the police cease questioning.[9] The Supreme Court of Georgia has previously held that statements that a suspect would like to talk to an attorney in the future were not clear and unambiguous requests for counsel.[10]

Here, when Johnson told police that he had a family lawyer and wanted to get in contact with his family, he stated that "we can wait [un]til after this [is] done." When police then attempted to clarify whether Johnson was willing to speak with them without a lawyer present, he replied affirmatively, stating, "Yeah. Yeah. Yeah." Thus, we conclude that Johnson's reference to his family lawyer was not an unambiguous and unequivocal request for counsel that required an immediate cessation of all interrogation.[11] The trial court did not err in admitting Johnson's statement.[12]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[4] *Taylor v. State*, 274 Ga. 269, 272 (1) (553 SE2d 598) (2001).

[5] 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981).

[6] See id. at 484-485.

[7] *Davis v. United States*, 512 U. S. 452, 459 (II) (114 SC 2350, 129 LE2d 362) (1994).

[8] See id.; *Fitz v. State*, 275 Ga. 349, 353 (3) (b) (566 SE2d 668) (2002).

[9] *Davis*, supra at 462.

[10] See *Ehle v. State*, 275 Ga. 560, 563 (6) (570 SE2d 284) (2002) (defendant's statement that " 'he should perhaps have an attorney look at (the state's) evidence' was an equivocal request for counsel"); *Moore v. State*, 272 Ga. 359, 360 (2) (528 SE2d 793) (2000) ("I'd like to talk to . . . the public defender, or whoever my attorney is going to be," does not constitute invocation of right to counsel); *Jordan v. State*, 267 Ga. 442, 444 (1) (480 SE2d 18) (1997) (defendant's statement that he " 'might need a lawyer' " was not an unambiguous request for counsel); *Luallen v. State*, 266 Ga. 174, 177 (4) (465 SE2d 672) (1996) (" 'I will still talk to my lawyer tomorrow' " was not clear invocation of counsel).

[11] See *Moore*, supra; *Jordan*, supra; *Luallen*, supra.

[12] See *Jordan*, supra.

DECIDED DECEMBER 19, 2007.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.