## S09A0786. ROBINSON v. THE STATE.
(684 SE2d 863)

HINES, Justice.

This Court granted an interlocutory appeal in this malice murder prosecution to review the trial court's ruling that Tyrell Robinson did not invoke his right to counsel during a custodial interrogation. As Robinson made an unequivocal request for counsel that was not honored, we reverse.

Robinson was investigated in connection with the death of Lauren Liz, the three-year-old child of Bielka Liz, with whom Robinson lived. During a custodial interview, he was advised of his *Miranda*[1] rights by a police detective, and the following exchange took place:

Detective: If you decide to answer questions now without a lawyer present, you would still have the right to stop answering questions at any time. You will also have the

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

right to stop answering at any time until you talk to a lawyer. Do you understand that right?

Robinson: Yes.

Detective: Knowing these rights that I just advised you, do you wish to speak to me without an attorney present?

Robinson: Uhm, yeah, I would like a lawyer.

Detective: So you would like to have a lawyer without — to — before you speak to us?

Robinson: I mean, I can talk to y'all and stuff. It don't matter.

Detective: Here's the thing. It's up to you, Mr. Robinson. I can't advise you whether you need or want a lawyer or not. You have to make the decision. You said you would like a lawyer. I can't — it, it — like I said, it's up to you. You have to tell me yes or no if you want a lawyer before you speak to us.

Robinson: No, I can talk to y'all without a lawyer.

Detective: Are you sure?

Robinson: Yeah.

Robinson proceeded to answer questions regarding the circumstances surrounding the child's death.

After an indictment was returned against him,[2] Robinson moved to exclude from trial any evidence of answers and statements he gave after the above exchange. A *Jackson v. Denno*[3] hearing was held and the trial court denied the motion; the court also issued a certificate of immediate review, and Robinson's application for interlocutory appeal in this Court followed.

A suspect who asks for a lawyer at any time during a custodial interrogation may not be subjected to further questioning by law enforcement until an attorney has been made available or until the suspect reinitiates the conversation. If the police persist in questioning a suspect who has requested that counsel be present, any resulting statements made by the suspect are inadmissible in the State's case-in-chief. In order for a suspect to properly invoke his right to counsel during a custodial interrogation, he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.

---

[2] Robinson was indicted on two counts of malice murder, two counts of felony murder, and three counts of cruelty to children in the first degree. In the same indictment, Bielka Liz was charged with two counts of cruelty to children in the second degree.

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

(Citations and punctuation omitted.) *McDougal v. State*, 277 Ga. 493, 498-499 (1) (B) (591 SE2d 788) (2004).

> Invocation of the *Miranda* right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." [Cit.] But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning. [Cits.]

*Jordan v. State*, 267 Ga. 442, 444 (1) (480 SE2d 18) (1997).

There was no ambiguity or equivocation in Robinson's statement: "Uhm, yeah, I would like a lawyer." Any ambiguity was created solely by the investigator's subsequent questioning. Robinson "did not use equivocal words such as 'might' or 'maybe' when referring to [his] desire for a lawyer. [He] was also not referring to a need for counsel sometime in the future . . . ." *Taylor v. State*, 274 Ga. 269, 272 (1) (553 SE2d 598) (2001). Compare *Jordan*, supra.

During the *Jackson v. Denno* hearing on the motion to exclude Robinson's answers and statements after his invocation of the right to counsel, the detective was asked whether "there's something in the sentence 'Yeah, I would like a lawyer' that doesn't mean he would like a lawyer?" The detective responded:

> The pause before answering the question. . . . The statement when he said "Yeah, I would like a lawyer," it struck me as does he want a lawyer before — I couldn't tell if he wanted a lawyer before we asked questions, or if he wanted one eventually, or if he wanted one immediately. So that's why I asked him, the very next question.

The officer also testified that he "couldn't speculate as to what [Robinson] was saying at that point . . . ."[4] But, no speculation on the officer's part was necessary; the phrase "I would like a lawyer" is

---

[4] Although the State asserts that video evidence shows that Robinson had a "contemplative" and "pondering" tone when he said: "Uhm, yeah, I would like a lawyer," the certified record in this case does not so disclose. Rather, the only videotape in the record before this Court does not reveal any exchange regarding *Miranda* rights; the tape begins with Robinson being questioned about the incidents. However, the relevant portion of the videotape was played during the hearing on the motion for new trial, and was transcribed. The transcript merely shows the words: "Uhm, yeah, I would like a lawyer." Although not part of the certified record, during oral argument before this Court, counsel for the State played what was

clear. Nor is the officer's stated quandary regarding *when* Robinson wished a lawyer based upon reason; Robinson's statement that he would like a lawyer was after having been advised of his rights regarding answering "questions *now* without a lawyer present," (emphasis supplied), and the detective's next question about "speak[ing] to me without an attorney present" suggested no other time frame. And, this is not a circumstance in which a reasonable police officer "would have understood only that the suspect *might* be invoking the right to counsel"; Robinson did not use any conditional words or merely express that he "might need a lawyer." *Jordan*, supra. Indeed, the lack of ambiguity is shown even by the detective's supposedly clarifying recitation, in which the detective recognized: "You said you would like a lawyer."

"When a suspect in custody unequivocally invokes his right to an attorney, all interrogations of that suspect must cease until an attorney is provided or the suspect offers to restart the interrogation process." *Simpson v. State*, 277 Ga. 356, 357 (2) (589 SE2d 91) (2003). This did not occur, and any resulting answers and statements are inadmissible. *McDougal*, supra. Accordingly, the trial court erred in denying the motion to exclude such evidence.

*Judgment reversed. All the Justices concur, except Carley, P. J., and Nahmias, J., who dissent.*

CARLEY, Presiding Justice, dissenting.

Only by completely isolating the statement at issue from its context can the majority conclude that Robinson made an unambiguous and unequivocal request for counsel. "The comments on which [Robinson] relies [must be] viewed in context . . . ." *Brooks v. State*, 271 Ga. 698, 699 (2) (a) (523 SE2d 866) (1999). When so viewed, Robinson's statement hardly constitutes an unambiguous request for the immediate provision of counsel, and instead can only be construed to contain either a request for an attorney in the future or "contradictory messages . . . ." *State v. Blackburn*, 766 NW2d 177, 184 (S.D. 2009).

At a minimum, our analysis must consider the entire question to which Robinson was responding: "Knowing these rights that I just advised you, do you wish to speak to me without an attorney present?" The initial portion of Robinson's answer was "Uhm, yeah." If he had stopped at this point, his message could not have been clearer to any reasonable officer that Robinson did wish to speak to him without an attorney present. However, Robinson

---

purported to be an excerpt from the interview at issue. That recording reveals a person off-screen, presumably Robinson, making the strong statement: "Yeah, I would like a lawyer."

continued, "I would like a lawyer." Thus, his "statement expressed both a desire to have an attorney and a desire to continue without." *State v. Blackburn*, supra. Robinson "indicated that he did not mind talking and that he would also like to see a lawyer." *Cheatham v. State*, 719 P2d 612, 619 (Wyo. 1986) (where defendant, in answer to a question very similar to the one at issue here, stated, "Well I don't care, I'd like to see a lawyer, too you know.").

The two parts of Robinson's answer may be reconciled by construing the latter portion as a request for a lawyer at some future point. That construction is far more reasonable than the majority's complete disregard of the first portion of Robinson's statement and interpretation of his answer as an unambiguous request for the immediate provision of an attorney. See *Stanley v. State*, 283 Ga. 36, 40 (2) (a) (656 SE2d 806) (2008); *Moore v. State*, 272 Ga. 359, 360 (2) (528 SE2d 793) (2000) (defendant's "statement that he would like to talk to someone about who his attorney was going to be is not a clear request for counsel"); *Johnson v. State*, 289 Ga. App. 41, 43 (656 SE2d 200) (2007) (this Court "has previously held that statements that a suspect would like to talk to an attorney in the future were not clear and unambiguous requests for counsel. [Cits.]").

If the two parts of Robinson's answer cannot be reasonably reconciled in this way, then the answer must be considered internally contradictory. In either event, "there did not occur any unequivocal request for counsel." *Cheatham v. State*, supra. See also *Wyatt v. State*, 272 Ga. 490, 491 (2) (532 SE2d 390) (2000) (statement was "ambiguous under the circumstances" where accused, "when asked if he wanted to speak, replied that 'I could make a statement, but I'll just wait till I get a lawyer.' "); *Johnson v. State*, supra at 42-43; *Smith v. State*, 269 Ga. App. 133, 137 (2) (603 SE2d 445) (2004) (response was ambiguous where, after an officer asked the accused "if she were willing to talk with him, she said, 'Well, I mean, I don't have anything — yeah, why not. I mean I can have, can I have a lawyer?' "). Because Robinson's "request for counsel was accompanied by affirmative announcements of his willingness to speak with the authorities, that officials took the opportunity provided to obtain a statement is quite consistent with the Fifth Amendment." *Moore v. State*, 263 Ga. App. 548, 550-551 (2) (588 SE2d 327) (2003). Therefore, Robinson's request for an attorney "is properly viewed as ambiguous, and the detective's attempt at clarification was warranted. [Cit.]" *Stanley v. State*, supra. That attempt to clarify, as quoted in the second paragraph of the majority opinion, was entirely evenhanded and resulted in unequivocal statements by Robinson that he did in fact want to talk to the detective without a lawyer. Accordingly, the trial court did not err in determining that Robinson's subsequent statements were admissible.

The implications of today's decision are as serious as they are unreasonable. Under the majority opinion, whenever an accused simultaneously expresses a desire both to have a lawyer, without specifying when, and to continue a custodial interrogation without the presence of an attorney, Georgia courts must blindly ignore the expressed desire to continue without counsel and the equivocation which is inherent in that simultaneous expression. Because the majority's holding is authorized by neither *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981) nor its progeny, I respectfully dissent to the reversal of the trial court's order denying the motion to exclude evidence obtained from the custodial interrogation of Robinson.

I am authorized to state that Justice Nahmias joins in this dissent.

DECIDED OCTOBER 5, 2009 —
RECONSIDERATION DENIED NOVEMBER 2, 2009.

*H. Maddox Kilgore, Robert D. Leonard II*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Maurice Brown, Assistant District Attorneys*, for appellee.