301 Ga. 144
FINAL COPY

S17A0077.  HOLMES v. THE STATE.

BENHAM, Justice.

Appellant Martin Napoleon Holmes appeals his convictions from a multi-victim crime spree which included the shooting death of Rickey Gibson.[1] We affirm.

---

[1] The crimes occurred September 24, 2008.  On August 5, 2009, a Columbia County grand jury indicted appellant along with four other co-defendants on charges of burglary (Rickey Gibson), armed robbery (Rickey Gibson), aggravated assault (infant Jordan Yates), aggravated assault (Alexis Yates), kidnapping (Alexis Yates), malice murder (Rickey Gibson), felony murder (aggravated assault of Rickey Gibson), possession of a firearm during the commission of a crime (Alexis Yates), possession of a firearm during the commission of a crime (Rickey Gibson), burglary (Randy Manning), hijacking a motor vehicle (Greg Pridgen), and aggravated assault (Greg Pridgen).  In addition, appellant was indicted for a charge of misdemeanor possession of marijuana.  Appellant and co-defendant Willie Butler were tried together on September 28-October 2, 2009, and the jury found appellant guilty on all charges for which he was indicted.  The trial court sentenced appellant to life in prison for malice murder, 20 years to be served consecutively for kidnapping, five years to be served consecutively for firearm possession (Alexis Yates), 20 years to be served concurrently for armed robbery (Rickey Gibson), 20 years to be served concurrently on each of two counts of burglary (Rickey Gibson, Randy Manning),  20 years to be served concurrently on each of three counts of aggravated assault (Jordan Yates, Alexis Yates, Greg Pridgen), five years to be served concurrently for firearm possession (Rickey Gibson), 20 years to be served concurrently for hijacking a motor vehicle, and 12 months to be served concurrently for misdemeanor marijuana possession.  Appellant moved for a new trial on October 8, 2009, and a hearing was held on October 3, 2013.  On November 13, 2013, appellant submitted an amended motion for new trial.  The trial court denied the motion for new trial, as amended, on May 11, 2016.  Appellant filed a notice of appeal on May 20, 2016.  The case was docketed in this Court to the term beginning in December 2016 and submitted for a decision to be made on the briefs.

This Court previously considered the instant trial record in the appeal of appellant's co-defendant Willie Butler and summarized the evidence as follows:

> Construed most strongly in support of the verdicts, the evidence shows that [co-defendant Butler], [appellant], and at least two other young men, all of whom were carrying guns, broke into Gibson's and Ms. [Alexis] Yates' house, demanded money, put a handgun into [Ms. Yates'] baby's mouth, hit Ms. Yates in the head with a gun, and forced her to go outside. Ms. Yates escaped with the baby, and the men shot Gibson multiple times, killing him. A shoe print near the house was consistent with the shoes that [Butler] was wearing, and Ms. Yates later identified [appellant] as one of the intruders.
> Gibson's gold watch was stolen during the home invasion and was left behind about two hours later in [Randy] Manning's yard after his house was burglarized by [Butler] and [appellant]. [Butler] defecated in the yard and cleaned himself with a bloody sock which tested positive for his DNA. Shortly afterwards, [Butler] . . . entered [Greg] Pridgen's car while it was running and he was delivering a newspaper. [Appellant did not enter the vehicle, but was standing next to it at the time Butler entered.] Pridgen fought with [Butler], who punched him several times and stabbed him [at appellant's urging]. Police officers responded quickly and found [Butler] and [appellant] running down the street. Pridgen identified both of them as the perpetrators of the crimes against him. A search of a vehicle in which two of their co-indictees were riding revealed a bottle of pills belonging to [Butler's] [relative] and a camera with pictures of [Butler] and [appellant].

Butler v. State, 290 Ga. 412 (1) (721 SE2d 876) (2012). The trial record also showed that when appellant was arrested, police found a substance in his pocket which was eventually determined to be marijuana.

2

1. Appellant contends the evidence was insufficient to convict him on the charge of misdemeanor marijuana possession. In support of this allegation of error, appellant contends there was little evidence showing that the officer who field tested the substance in appellant's pocket was qualified to conduct such a field test. The officer in question testified he had over nine years of experience in law enforcement and that he was qualified to conduct field tests in order to identify substances such as marijuana. The officer described how he used a chemical testing kit to test the substance confiscated from appellant and stated that the substance in question tested positive for marijuana. No evidence was presented showing that the officer was unqualified to conduct the field test, that the chemical testing kit was faulty, or that the test results were inaccurate or erroneous. Appellant did not posit an objection to the officer's qualifications to field test the substance, but only objected to the admission of the substance into evidence on the ground it was not sent to the Georgia Bureau of Investigation's crime lab to be tested.

> It is well established that expert testimony is not necessary to identify a substance, including drugs. And even if police officers are not formally tendered as expert witnesses, if an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted.

(Citations omitted.) Atkinson v. State, 243 Ga. App. 570, 572 (1) (531 SE2d 743) (2000). While the foundation laid by the State regarding the officer's experience was unelaborate, the evidence presented about his being qualified to conduct a field test for the presence of marijuana was adequate. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of misdemeanor marijuana possession as well as the other crimes for which he was convicted. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant's second enumeration of error "is not supported by argument or citation of authority and is accordingly deemed abandoned. Supreme Court Rule 22." Ruffin v. State, 283 Ga. 87, 88 (4) (656 SE2d 140) (2008).

3. Appellant alleges the trial court erred in denying his motion to sever. The record on appeal, however, does not appear to show that appellant ever moved for a severance[2] or joined any co-defendant's motion to sever.[3]

---

[2] While moving for a mistrial in regard to a different matter, appellant's counsel stated that she was "renew[ing] the issue" that the cases should have been severed. This commentary did not constitute a motion to sever.

[3] It appears Butler filed a motion to sever (see Butler v. State, supra, 290 Ga. at 413), but there is no indication in the record before us that appellant joined in said motion.

Accordingly, this issue has not been preserved for appellate review. See Moore v. State, 272 Ga. 359, 360 (3) (528 SE2d 793) (2000); Page v. State, 249 Ga. 648, 651 (3) (292 SE2d 850) (1982).

4. Appellant contends the trial court improperly commented on the evidence during the testimony of an expert witness presented by Butler. Several times while Butler's counsel was questioning the expert, the trial court interjected its own questions to the witness. After one particular interjection by the trial court, Butler's counsel objected on the ground the trial court was improperly commenting on the evidence in violation of OCGA § 17-8-57 and requested a mistrial. Appellant's counsel joined in the request for a mistrial. The trial court denied the request, but gave two curative instructions to the jury, admonishing it that the court had no opinion about the proof in the case or about the guilt or innocence of the defendants.

> [W]here, as here, the trial court interrupts defense counsel to make inquiry concerning the admissibility of testimony or the direction which counsel was going with a particular line of questioning, the court's comments do not constitute an opinion as to the proof or the guilt of the accused. This is especially true here because the trial court promptly gave curative instructions disclaiming any intent by any ruling or comment to express an opinion on the facts of the case, on the credibility of any witness, or on the guilt or innocence of either defendant, stating that the questions in the case should be decided by the jury, and expressing the court's absence of any inclination in the case.

(Citations omitted.)  Butler v. State, supra, 290 Ga. at 416 (4).   There was no violation of OCGA § 17-8-57 and no basis to grant a mistrial.  Id.

5.  Appellant contends the trial court erred when it removed a juror for failing to follow its instructions.  The record shows the trial court instructed the jurors not to discuss the case amongst themselves prior to deliberations.  Prior to completion of the trial, a bailiff overheard one of the jurors making substantive comments about the case in the jury room and brought the matter to the trial court's attention.  Upon questioning the bailiff and the jurors, the trial court determined that Juror No. 12 told at least two other jurors that he would not convict the defendants.  Juror 12 was equivocal about whether he could be impartial and appeared to have formed a fixed opinion about the case prior to the close of evidence.  Over appellant's objection, the trial court decided to dismiss the juror for failing to follow its instructions.  We cannot say the trial court abused its discretion in removing the juror.  See Butler v. State, supra, 290 Ga. at 417.

Judgment affirmed.  All the Justices concur.

Decided May 15, 2017.

Murder. Columbia Superior Court. Before Judge Blanchard.

6

McMillan & Rawlings, Aaron S. Palmer, for appellant.

Ashley Wright, District Attorney, Joshua B. Smith, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General, for appellee.