## A08A1672. DAY v. THE STATE.
(667 SE2d 392)

BLACKBURN, Presiding Judge.

Following a bench trial, George Day was convicted on one count of child molestation.[1] Challenging the sufficiency of the evidence, he appeals his conviction, arguing that no evidence showed the age of the child he fondled. For the reasons set forth below, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So viewed, the evidence shows that on June 25, 2005, C. D., a niece of 55-year-old Day, was playing in Day's pool when Day, who was also in the pool, took her behind a cooler (shielding them from the eyes of a nearby adult), kissed her, and fondled her private area

---

[7] See generally *Delacruz v. State*, 280 Ga. 392, 396-397 (3) (627 SE2d 579) (2006).

[8] See *Birt v. State*, 285 Ga. App. 105, 106 (645 SE2d 596) (2007).

[1] OCGA § 16-6-4 (a).

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

between her legs with his hand. Suspecting something was amiss, the nearby adult soon got C. D. alone to ask her about the incident, leading to the child's relating some of the circumstances to the adult. Alerted by the adult, the child's mother inquired further of the child, resulting in a confirmation of the molestation. C. D.'s parents immediately took her to the emergency room for treatment and reported the sexual abuse to the police. A nurse at the hospital found physical evidence of molestation. Two days later, a law enforcement representative questioned C. D. in a videotaped forensic interview, in which C. D. confirmed the molestation.

Charged with child molestation, Day denied the fondling. At the ensuing bench trial, the judge viewed the video of C. D.'s forensic interview, in which she described Day's abuse of her. Day appeals the court's finding of guilt, challenging the sufficiency of the evidence on the ground that no one testified as to C. D.'s age.

A child molestation conviction requires proof that the victim was under the age of 16 years. OCGA § 16-6-4 (a). Here, the factfinder viewed a video of C. D., in which two days after the molestation occurred, the child repeated her account of Day's abuse to a forensic interviewer. The video shows that C. D. was a small child with the vocabulary, mannerisms, and prepubescent body of a girl clearly under 12 years of age. In civil cases, we have held that a factfinder may judge the age of a witness or party by observation of the person in question. *Louisville & Nashville R. Co. v. Bean*.[4] See *Hosp. Auth. of Walker, Dade &c. v. Smith*[5] ("jury was authorized to judge the age and physical condition of a witness by observation of that person"). Similarly, in a criminal case, we have held that the jury could deduce the victim's elderly status (an element of the crime) "from its observation of her appearance and demeanor." *Usher v. State*.[6] See also *Phagan v. State*[7] (victim's appearance provided evidence that defendant knew she was a minor).

Thus, we hold that the trier of fact here could deduce that C. D. was under the age of sixteen by its observation of her childlike demeanor and prepubescent body in the videotaped interview, which took place only two days after the incident in question. See *Abernathy v. State*[8] ("where the individual in the photograph is a prepubescent child who is unquestionably under 18 years of age, no

---

[4] *Louisville & Nashville R. Co. v. Bean*, 49 Ga. App. 4, 7 (4) (174 SE 209) (1934).

[5] *Hosp. Auth. of Walker, Dade &c. v. Smith*, 142 Ga. App. 284, 287 (4) (235 SE2d 562) (1977).

[6] *Usher v. State*, 290 Ga. App. 710, 714 (2) (659 SE2d 920) (2008) (physical precedent only).

[7] *Phagan v. State*, 268 Ga. 272, 278 (3) (c) (486 SE2d 876) (1997).

[8] *Abernathy v. State*, 278 Ga. App. 574, 578 (1) (630 SE2d 421) (2006).

expert testimony is necessary"). Accordingly, the evidence in the record supported Day's conviction of child molestation.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 15, 2008.

*Mary Erickson*, for appellant.

*Joseph K. Mulholland, District Attorney, William J. Hunter, Assistant District Attorney*, for appellee.