S09A0855. GRIFFIN v. THE STATE.
(684 SE2d 621)

HUNSTEIN, Chief Justice.

Eugene Griffin was found guilty but mentally ill of malice murder in the stabbing death of Mary Thomas. He appeals from the denial of his motion for new trial,[1] challenging the admission of his custodial statement. Finding no error, we affirm.

1. The evidence adduced at trial authorized the jury to find that appellant stabbed and killed Thomas, his live-in girlfriend, because he believed she had engaged in sexual relations three times in one day with unidentified "Mexicans." After the stabbing, appellant went to his neighbor's home, knife in hand, and claimed he "got" a "Mexican," but said nothing about the victim. The neighbor then checked on the victim and found her dead. Earlier that day, appellant, who had serious mental illnesses for which he was taking prescription medicine, was observed searching under his car and in nearby woods for persons he called "Mexicans" in such an irrational manner that the neighbor asked Thomas whether she wanted health

---

[1] The crimes occurred on June 17, 2003. Griffin was indicted September 4, 2003 in Burke County on charges of malice murder, felony murder and possession of a knife during the commission of a felony. He was found guilty but mentally ill on all counts on May 11, 2004. On June 29, 2004, the trial court merged the murder convictions, sentenced Griffin to life imprisonment for malice murder and imposed a consecutive five-year sentence for the possession charge. His motion for an out-of-time appeal was granted and his motion for new trial was denied December 29, 2008. A timely notice of appeal was filed but directed to the Court of Appeals, which transferred this case to this Court. The appeal was docketed February 12, 2009 and submitted for decision on the briefs.

care services contacted on appellant's behalf; Thomas declined the offer. There was no evidence indicating the presence of any Mexicans or other Hispanic persons in or around appellant's home that day. Appellant gave an audiotaped statement to police in which he admitted to stabbing Thomas.

The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it admitted his custodial statements because he lacked the mental capacity at that time to knowingly and voluntarily waive his rights. "A determination of mental illness is not tantamount to a finding of mental incompetency. [Cit.]" *Heckman v. State*, 276 Ga. 141, 144-145 (2) (576 SE2d 834) (2003) (mentally ill person not incapable of knowingly and voluntarily consenting to search). It is "well-settled that '(a) person who is mentally ill can be competent to make a voluntary confession. (Cit.)' [Cit.]" *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). Accord *Lewis v. State*, 279 Ga. 756 (16) (620 SE2d 778) (2005) (mental illness does not make a defendant incapable of making a voluntary statement). Further, "'(a) mere showing that a person who confessed to a crime may have suffered from some mental disability is not a sufficient basis on which to exclude the statement. (Cits.)' [Cit.]" *Brooks v. State*, 271 Ga. 698, 699 (2) (b) (523 SE2d 866) (1999). Based on our review of the record, including the audiotaped statement appellant gave to police officers, we find no error in the trial court's conclusion that appellant's statement was freely and voluntarily given after a knowing and intelligent waiver of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*Barbara B. Claridge*, for appellant.
*Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.