S10A0488. WILLIAMS v. THE STATE.

(695 SE2d 246)

CARLEY, Presiding Justice.

After a jury trial, Hulet Williams was acquitted of malice murder and found guilty of the felony murder of Kenny Ewing and a separate count charging the underlying felony of aggravated assault. The trial court merged the aggravated assault count into the felony murder, entered judgment of conviction on the felony murder verdict, and sentenced Williams to life imprisonment. A motion for new trial was denied, and Williams appeals,[*] enumerating as error only the general grounds.

Construed most strongly in support of the jury's verdict, the evidence shows that the victim lived with his mother and with his girlfriend Liz Thornton. During a visit to the victim's home by Williams, who was also known as Sonny Norman, the two fought and the victim prevailed, although neither man had any visible injuries. Later in the day, Williams returned and used a screwdriver to threaten the victim, who said that he would leave Williams alone. Ms. Thornton testified that, at about 1:30 a.m. that night, she was in her bedroom when she heard a knock on the front door and, after she asked who it was, Williams replied "Sonny." The victim went to the door, opened it, and was stabbed in the chest.

When police officers located Williams, he gave them items which he had taken or worn to the victim's home, including a screwdriver and a pair of tennis shoes which had blood from the victim. After being advised of his rights pursuant to *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), Williams confessed that he stabbed the victim but did not mean to kill him. Without being told how the victim died, Williams demonstrated how he stabbed the victim. The medical examiner testified that the cause of death was a single stab wound to the chest and that he did not observe any other preexisting injuries which may have bled earlier in the day.

---

[*] The crime occurred on April 22, 2007, and the grand jury returned an indictment on June 22, 2007. The jury found Williams guilty on October 2, 2008 and, on that same day, the trial court entered the judgment of conviction and sentence. The motion for new trial was filed on October 3, 2008, amended on September 15, 2009, and denied on November 12, 2009. Williams prematurely filed the notice of appeal on November 11, 2009. The case was docketed in this Court on December 2, 2009, and submitted for decision on the briefs.

Williams argues that psychiatric testimony regarding his brain impairment and paranoid schizophrenia, and how his mental condition would affect his responses in an interview, calls into question the voluntariness of his confession. However, the trial court found that Williams' confession was voluntary, and "[i]t is 'well-settled that "(a) person who is mentally ill can be competent to make a voluntary confession. (Cit.)" (Cit.)' [Cits.]" *Griffin v. State*, 285 Ga. 827, 828 (2) (684 SE2d 621) (2009). The psychiatrist who testified as to Williams' mental condition also testified that he was competent to stand trial, was not delusional, and knew the difference between right and wrong. *Chumley v. State*, 282 Ga. 855, 856 (1) (655 SE2d 813) (2008). The psychiatrist's testimony did not make the evidence against Williams insufficient. See *Griffin v. State*, supra at 827-828 (1); *Chumley v. State*, supra.

Furthermore, the evidence is not made insufficient by asserted inconsistencies in Williams' confession, whether they be internal or with respect to other evidence, regarding identification of the weapon, how many times he went to the victim's home, and his knowledge of what killed the victim. See *White v. State*, 266 Ga. 134 (1) (465 SE2d 277) (1996). " ' "[T]his Court does not reweigh evidence or resolve conflicts in testimony. . . . (Cit.)" (Cit.) . . . It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence. (Cits.)' [Cit.]" *Vega v. State*, 285 Ga. 32, 33 (1) (673 SE2d 223) (2009).

Williams further argues that the evidence was consistent with the theory that Caroline Camp, a friend of Ms. Thornton's, actually committed the murder. The evidence upon which Williams relies includes alleged impeachment of the testimony of Ms. Thornton and Ms. Camp, the existence of a motive to kill the victim, the absence of an alibi on the part of Ms. Camp, and the surprisingly small amount of blood on Williams. Again, however,

" '[c]onflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' (Cit.)" [Cit.]

*Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Williams guilty beyond a reasonable doubt of felony murder while in the commission of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Teresa L. Smith,* for appellant.

*W. Kendall Wynne, Jr.,* District Attorney, *Thurbert E. Baker,* Attorney General, *Eric C. Crawford,* for appellee.