**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 21, 2022**

# In the Court of Appeals of Georgia

A22A0819. CUNNINGHAM v. THE STATE

LAND, Judge.

After a jury trial, Robert Anthony Cunningham was convicted of one count of sexual exploitation of a child. On appeal, Cunningham contends that the evidence was insufficient to sustain his conviction. We disagree and affirm.

"On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict." (Citation omitted.) *Stephens v. State*, 247 Ga. App. 719, 719 (545 SE2d 325) (2001). We neither weigh the evidence nor judge witness credibility, but only determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2D 560) (1979).

So viewed, the record shows that Cunningham lived with his parents in Cherokee County. In December 2015, the Georgia Bureau of Investigation received a "cyber tip" of child exploitation from the National Center for Missing and Exploited Children, and this tip was forwarded to a detective with the Cherokee County Sheriff's Office. The detective received a second cyber tip in 2016, and in June 2016, the detective obtained a search warrant for Cunningham's residence.

Upon law enforcement's arrival at his residence, Cunningham emerged from the garage, spoke with law enforcement, and consented to a search of the residence. Law enforcement then searched the residence, including a basement bedroom located in the garage used to store some of Cunningham's items. Inside the bedroom, law enforcement found a laptop, which was powered on, attached via an HDMI cable to a monitor on the wall. A cup containing used lotion was also found near the bed. Cunningham told law enforcement that the family used the laptop to watch movies, and Cunningham's mother stated that she used the laptop to play video games.

As a result of the search, law enforcement seized the laptop and several other electronic devices, including a cell phone located in Cunningham's locked vehicle. A computer forensic evidence technician conducted a forensic examination of the laptop and the other devices and found several explicit videos and images depicting

2

minors. The technician was unable to "attach" use of the laptop at the time the videos and images were downloaded to any single person, but did determine that a common file name appeared both as a search term on the cell phone and as a file on the laptop

Cunningham was arrested and charged with 14 counts of sexual exploitation of children based on the videos and images obtained from his residence. During his arrest, Cunningham told his mother that "someone must have snuck into his open garage door and placed images on his computer." However, forensic examination of the laptop did not reveal any evidence of hacking. One image obtained from the laptop formed the basis for Count 14, which alleged in pertinent part that Cunningham "knowingly possess[ed] and control[led] a digital image[,] 128458702891.jpg, material depicting a minor and a portion of a minor's body engaged in . . . oral-genital intercourse[.]" Forensic review of the image revealed that it had been downloaded to the laptop during the middle of the night less than one week prior to the execution of the search warrant.

During a jury trial, the images and videos forming the basis for the 14 charges, including the image referred to as "Item 76" ("128458702891.jpg"), were shown to the jury. Some of the files, including Item 76, were saved in subfolders under Cunningham's mother's username on the laptop. which the forensic technician

3

testified was consistent with "nesting," whereby files are saved in "folders within folders" in order to hide them.

At the close of the State's evidence, Cunningham moved for a directed verdict, arguing that the State had failed to establish that the subjects in the images and videos found on the electronic devices were under 18 years of age. Cunningham's counsel did not direct the trial court's attention to any specific video or image. The trial court denied the motion, finding that the age of the individuals depicted could be proven by circumstantial evidence, such that the jury could conclude by viewing the images whether or not the subjects were minors. The jury found Cunningham not guilty of Counts 1 through 13, and guilty of Count 14. Cunningham was convicted on Count 14 and sentenced to 20 years with 4 to serve and the balance on probation. Cunningham filed a motion for new trial, and after a hearing, his motion was denied. This appeal followed.

1. Cunningham's sole contention on appeal is that the evidence was insufficient to sustain his conviction for sexual exploitation of children (Count 14). Specifically, Cunningham argues that the State failed to prove (1) that Cunningham knew that Item 76 depicted a minor, and (2) that Cunningham "ever possessed or controlled" Item 76. We are unpersuaded.

A person commits the offense of sexual exploitation of children when he "knowingly . . . possesses or controls any material which depicts a minor or a portion of a minor's body engaged in sexually explicit conduct." (Punctuation omitted.) *Henderson v. State*, 320 Ga. App. 553, 555 (1) (740 SE2d 280) (2013) (citing OCGA § 16-12-100 (b) (8)). The State bears the burden of establishing each element of the crime of sexual exploitation of children, *Henderson*, 320 Ga. App. at 555 (1), including the defendant's knowledge that the image depicted a minor, see *Gerbert v. State*, 339 Ga. App. 164, 170 (2) (b) (ii) (793 SE2d 131) (2016), and the defendant's possession or control of the image. See *Nix v. State*, 354 Ga. App. 47, 50 (1) (839 SE2d 687) (2020).

"Knowledge and possession may be proved, like any other fact, by circumstantial evidence.'" *Gerbert*, 339 Ga. App. at 168-169 (2) (b) (i); OCGA § 24-14-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.") However, "[t]he evidence need not exclude every conceivable inference or hypothesis." (Citation omitted; emphasis omitted.) *Drake v. State*, 363 Ga. App. 653, 655 (1) (872 SE2d 306) (2022). "[B]oth the question whether an alternative hypothesis is 'reasonable'

and the ultimate question whether the circumstantial evidence excludes such hypotheses are for the jury to answer." Id. Thus, "[w]e will not disturb a jury's finding on those questions unless it is insupportable as a matter of law." (Citation omitted.) Id.

"It is well settled that jurors are normally entitled to make reasonable inferences from circumstantial evidence regarding all sorts of facts, including the facts necessary to find defendants guilty beyond a reasonable doubt of a crime." (Citation and punctuation omitted.) *Nixon v. State*, 349 Ga. App. 277, 282 (1) (826 SE2d 150) (2019). Moreover, in considering circumstantial evidence, "jurors are authorized to make such reasonable inferences and reasonable deductions as ordinarily prudent persons would make in light of their everyday experience and knowledge of human conduct and behavior." (Citation and punctuation omitted.) *Worthen v. State*, 304 Ga. 862, 868 (3) (c) n.3 (823 SE2d 291) (2019). "Therefore, our review of the verdict leaves to the jury the determination of what reasonable inferences may be made from the facts." *Nixon*, 349 Ga. App. at 282 (1) (b). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Williams v. State*, 287 Ga. 199, 200 (695 SE2d 246) (2010).

6

(a) Cunningham argues that the State failed to prove beyond a reasonable doubt that he knew the individuals depicted in Item 76 were minors. We disagree.

The sexual exploitation of children statute, OCGA § 16-12-100 (a) (1), defines a minor as a person under the age of 18 years. In order to obtain a conviction under the statute, the State is required to prove that the defendant knew the person depicted was a minor. See *Gerbert*, 339 Ga. App. 172 (2) (b) (ii) ("OCGA § 16-12-100 (b) (8) requires the State to prove that the defendant knew the person depicted in the image was under the age of 18"). Here, the record shows that the State did not provide any evidence of the individuals' ages other than the photograph itself.

When the State's evidence of the child's age is the images themselves, a sufficiency challenge to the State's *proof* of the child's age and defendant's *knowledge* of age are "resolved identically." *Gerbert*, 339 Ga. App. at 172 (2) (b) (ii). "If the jury can conclude from the image that the person depicted there was a minor, the jury could also conclude that the defendant who possessed the image had the same knowledge" about the person's age. Id. See also *Henderson*, 320 Ga. App. at 555 (1) (jury was authorized to conclude, based on victims' appearances in video files found on defendant's computer, that the victims depicted were under the age of 18); *Day v. State*, 293 Ga. App. 543, 544-545 (667 SE2d 392) (2008) (jury viewed a video of the

victim taken two days after the child molestation at issue occurred and was authorized to deduce, based on victim's appearance and mannerisms, that victim was under the age of 16).

Here, Cunningham argues that because the individuals in the image "were not clearly prepubescent children," the State failed to carry its burden of proof as to Cunningham's knowledge that they were minors. However, we have reviewed the image at issue and conclude that the individuals in Item 76 are not "so mature that something beyond mere chain of custody evidence was required to establish that they were younger than 18 years." See *Abernathy v. State*, 278 Ga. App. 574, 578 (1) (630 SE2d 421) (2006). We therefore hold that the jury was authorized to make a reasonable inference based on its review of Item 76 that Cunningham had knowledge that at least one of the individuals depicted was a minor. See *Gerbert*, 339 Ga. App. at 172 (2) (b) (ii).

(b) Cunningham also argues that the State failed to prove that he possessed or controlled Item 76. We disagree.

A person commits the offense of sexual exploitation of children when, among other things, he knowingly "possess[es] or control[s] any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."

8

OCGA § 16-12-100 (b) (8). "Under Georgia law, a person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Citation and punctuation omitted.) *Nix*, 354 Ga. App. at 50 (1). However, "evidence merely showing that contraband was found in the residence occupied by the defendant is insufficient to support a conviction if it affirmatively appears from the evidence that other persons had equal access to the contraband and therefore an equal opportunity to commit the offense." Id.

Here, the State presented the following circumstantial evidence that Cunningham possessed and controlled Item 76: Cunningham was home at the time the search warrant was executed and the laptop was found, powered on, in a basement garage bedroom where Cunningham stored other items; Item 76 was downloaded to the laptop in the middle of the night approximately one week prior to the execution of the first search warrant; Cunningham admitted that he used the laptop and referred to it as "his" during his arrest; the seized laptop and cell phone, which was found in Cunningham's vehicle, contained similar search terms and file names; and the forensic examiner testified about the practice of "nesting" to hide files in subfolders

to explain why Item 76 was saved under Cunningham's mother's username. Additionally, the jury was properly instructed on Cunningham's equal access defense, but it apparently rejected that defense when it returned a guilty verdict. See *Howard v. State*, 291 Ga. App. 386, 388 (662 SE2d 203) (2008) ("Whether or not in a given case circumstances [showing equal access] are sufficient to exclude every reasonable hypothesis save the guilt of the accused is *primarily a question for determination by the jury*.") (citation and punctuation omitted; emphasis in original). There was sufficient evidence from which the jury could conclude beyond a reasonable doubt that Cunningham possessed the laptop, and thus, the trial court did not err in denying his motion for new trial. *Nix*, 354 Ga. App. at 50-51 (1).

*Judgment affirmed. McFadden, P. J., and Gobeil, J., concur.*